STUMP *et al.* v. HORNBACK *et al., Appellants.*

DIVISION TWO.

1. **Supreme Court**: MANDATE. Where a cause is remanded to the trial court with direction to enter a particular judgment, such mandate must be strictly pursued.

2. ———: ———. All matters not included in the mandate are *res judicata* and cannot be reopened.

3. **Ejectment**: ACCRUING RENTS AND PROFITS. A judgment for plaintiff in ejectment for accruing rents and profits is a substantive part of it, and as such is collectible on execution.

4. ———: COMPENSATION FOR IMPROVEMENTS. Nor is the rule otherwise where a temporary injunction has been granted to restrain plaintiff from taking possession pending a proceeding by the defendant for compensation for improvements.

5. ———: ———. Such claim for compensation for improvements must be rendered in the court which rendered the judgment in ejectment and before eviction thereunder. (*Malone v. Stretch,* 69 Mo. 25.)

6. ———: ———: INTEREST. Where the occupying claimant has been charged with the rents and profits of the land in an improved condition, he should be allowed interest on the sum assessed for improvements from the date of the assessment.

7. ———: ———. The rule for the application of the amount recovered for rents and profits as a set-off to the sum assessed for improvements stated.

*Appeal from St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

*H. C. Lackland* and *C. W.* *Wilson* for appellants.

(1) The judgment of the circuit court is in direct violation of the opinion and mandate of the supreme court in this case. *Stump v. Hornback,* 94 Mo. 35. (2) The defendants are entitled to credit for the accrued rents and profits under their judgment in ejectment in the way of a set-off against the plaintiffs' claim for improvements. The court erred in refusing to allow the set-off. *Stump v. Hornback,* 94 Mo. 35; *Davis v. Louk,* 30 Wis. 308; *Parsons v. Moses,* 16 Iowa, 440. (3) The judgment of the circuit court is in direct violation of section 20, of article 2, of the constitution of Missouri. It is a taking of private property for private purposes, without compensation, and against the consent of the owner. Const. 1875, art. 2, sec. 20. (4) It is certainly a taking of private property for private purposes against the consent of the owner. The court has no right to do by indirection that which the constitution forbids to be done directly.

*T. F. McDearmon* for respondents.

(1) The judgment of the circuit court was right. The said court did not err in refusing to allow the rents and profits (which, as appellants claim, had accrued after the judgment in the ejectment suit) as a set-off against the respondents' claim for the value of the improvements. This is the only question for determination in this appeal, the former adjudications of this court and the court of appeals having settled all

others. The injunction destroyed entirely the force and effect of this judgment, for rents and profits accruing after the injunction was granted. R. S. 1889, secs. 4648, 4649, 4650, 4640, 4638, 4639; *Stump v. Hornback,* 94 Mo. 26; *Lee v. Bowman,* 55 Mo. 400; *Russell v. DeFrance,* 39 Mo. 506; *Dothage v. Stewart,* 35 Mo. 251; *Valle's Heirs v. Fleming's Heirs,* 29 Mo. 152; *Malone v. Stretch,* 69 Mo. 25; *Henderson v. Langley,* 76 Mo. 226; *McClannahan v. Smith,* 76 Mo. 428; *Jasper Co. v. Wadlow,* 82 Mo. 172; *Tissier v. Hill,* 13 Mo. App. 36; *McIntyre v. McIntyre,* 24 Mo. App. 166; *Chouteau v. Allen,* 74 Mo. 56; *Pomeroy v. Benton,* 77 Mo. 64; *State ex rel v. Givan,* 75 Mo. 516; *Connor v. Pope,* 23 Mo. App. 344. (2) The third and fourth points made by the appellants, that the statute upon which this action is based is unconstitutional, has been finally disposed of by this court, and the St. Louis court of appeals. It is *res adjudicata. Stump v. Hornback,* 94 Mo. 26; *Stump v. Hornback,* 15 Mo. App. 367; *McIntyre v. McIntyre,* 24 Mo. App. 166; *Chouteau v. Allen,* 74 Mo. 56; *Pomeroy v. Benton,* 77 Mo. 64; *State ex rel v. Givan,* 75 Mo. 516; *Conner v. Pope,* 23 Mo. App. 344; *Shroyer v. Nickell,* 67 Mo. 589; *Hurck v. Erskine,* 50 Mo. 116. The constitutionality of this statute is *res adjudicata. Stump v. Hornback,* 94 Mo. 26; 15 Mo. App. 367; *Grumley v. Webb,* 48 Mo. 562; *Overall v. Ellis,* 38 Mo. 209; *Bank v. Taylor,* 62 Mo. 338; *Adair Co. v. Ownby,* 75 Mo. 282; *Lackland v. Smith,* 75 Mo. 307; *McKinney v. Harral,* 36 Mo. App. 338; *Treadway v. Johnson,* 39 Mo. App. 176.

MACFARLANE, J.—This is a proceeding by plaintiffs, who were unsuccessful defendants in an ejectment suit, to recover the value of improvements made by them upon the land, for the possession of which a judgment

was rendered against them in favor of these defend-
ants.

In the ejectment suit judgment was rendered in
favor of defendants in this suit, and against the plain-
tiffs, for the possession of the land, and for $411.30
damages "together with $20 per month from this date
till possession of said premises be delivered to plaintiffs,
and costs." This judgment was dated September 13,
1881.

Plaintiffs herein commenced this proceeding Sep-
tember 27, 1881, and on the same day the court granted
a temporary injunction, prohibiting defendants herein
from enforcing their judgment for possession, until this
suit should be finally disposed of. The case was tried
upon the petition and answer in September, 1882, and
the value of the improvements assessed by the jury at
$1,960, and the value of the land aside from the
improvements at $1,462.05.

The court refused to allow the judgment recovered
by defendants for damages and accrued rents, and
profits in the ejectment suit to be set off against the
value of the improvements so found, and entered a
decree divesting defendants of their title and vesting it
in the plaintiffs, on payment of the estimated value of
the land, aside from the improvements, $1,462.05, into
court for the benefit of defendant. From this judgment
defendants appealed to the St. Louis court of appeals,
where the judgment was affirmed, and defendants then
appealed to this court, where the judgment was reversed
and is reported in 94 Mo. 27.

After the case had been remanded to the circuit
court of St. Charles county both parties filed motions
to have the judgment entered, in accordance with the
judgment of the supreme court. On the hearing of
these motions it was admitted that the plaintiffs were,
and since the rendition of the judgment in ejectment

suit had continued, in the possession of the land; that plaintiffs on the twelfth of May, 1884, paid to defendants the judgment for $411.30 damages, but that no part of the rents and profits of the land accruing since the judgment had been paid. It was also agreed that the temporary injunction, granted at the commence- of the proceeding, had continued, and was then in force.

The court thereupon entered up a decree awarding to plaintiffs the value of the improvements, as assessed by the jury in September, 1882, to-wit, $1,960. The injunction was made perpetual unless this sum was paid by defendants, on or before December 1, 1888; in the event it was paid then the injunction to be dis- solved. In this decree the court made the following finding: "And the court doth further find the defend- ants herein were not entitled to the possession of the land in controversy after the grant of the temporary injunction herein, and are not entitled to the possession thereof, and that, therefore, no monthly rents and profits have accrued to them thereon." From this judgment defendants appealed.

This court, when the case was before it on a former appeal (94 Mo. 34), made the following order for the government of the circuit court, in finally determining the case: "And appellants (defendants), having neg- lected or refused to exercise their privilege of election to take the value of the land aside from the improve- ments, the injunction will be made perpetual and appellants forever enjoined from taking possession of said lands, under said judgment, or having execution thereof, unless, on or before a reasonable day to be fixed by said court in its decree, they pay the respond- ents, or into the court for their use, the value of the improvements as found by the verdict of the jury, against which amount, however, is to be set off, and

deducted, so much of appellants' judgment for rents and profits, in the action of ejectment, as remains unsatisfied, the injunction to be dissolved on such payment."

When this cause was remanded by the circuit court with directions to enter a particular judgment, that court had no power to enter any other judgment, or to consider or determine other matters not included in the duty of entering the judgment as directed. All other matters had become *res adjudicata*, and could not be reopened. *Hurck v. Erskine*, 50 Mo. 116; *Shroyer v. Nickell*, 67 Mo. 589; *Chouteau v. Allen*, 74 Mo. 59; *State ex rel. v. Givan*, 75 Mo. 517.

No question then can be properly considered on this appeal except whether the judgment entered by the circuit court was in conformity to the mandate of this court. This depends upon whether there was a "judgment for rents and profits" in the ejectment suit which remained unsatisfied. It is conceded that the judgment for damages, which included all rents up to the date of its rendition, was fully paid. If, therefore, any unsatisfied judgment remained it grew out of the rents and profits which have accrued since the original judgment was rendered. That part of the judgment allowed, from its date, twenty dollars per month "till possession of said premises be delivered to plaintiffs." Did these accruing rents and profits constitute a part of the judgment?

The statute provides that if plaintiff prevails in the action he shall recover by way of damages the rents and profits down to the time of assessing the same. R. S. 1879, sec. 2252. The jury shall find the monthly value of the rents and profits. Sec. 2254. "In such case the judgment shall be for the recovery of the premises, the damages assessed and the accruing rents and profits at the rate found by the jury, from

the time of rendering the verdict until possession of the premises is delivered to the plaintiff." Sec. 2255. It is very clear from the foregoing provisions of the statutes that the rents and profits, as they accrued, became as much a part of the judgment as accruing interest does as a part of an ordinary judgment, and are in like manner collectible on execution. *Lee v. Bowman*, 55 Mo. 402; *Parsons v. Moses*, 16 Iowa, 441; *Davis v. Louk*, 30 Wis. 313.

Indeed, we do not understand the circuit court as entertaining views contrary to these, but from the finding of that court, that defendants were not entitled to the possession of the lands after the grant of the temporary injunction, and that, "therefore, no monthly rents and profits have accrued to them thereupon," we infer that the court held the order granting a temporary injunction to have operated, not only as a stay of execution, but as a full satisfaction of the judgment on all rents and profits that should accrue while the injunction continues in force. We are unable to accept this view of the effect of the injunction.

Originally at common law one wrongfully withholding the possession of land from another could not recover for improvements made thereon, but the right of the one disposessed to recover in some form of action the rents and profits has always been recognized. 6 American & English Encyclopedia of Law, 245; Sedgwick & Wait on Trial of Title to Land, sec. 648; *Webster v. Stewart*, 6 Iowa, 403.

In case the proceedings to recover the land came into a court of equity that court, acting on the maxim that "he who seeks equity must do equity," required compensation to be made for all the permanently beneficial improvements made upon the land in good faith and under an honest belief of ownership Sedgwick

& Wait on Trial of Title to Land, sec. 693; *Putnam v. Ritchie,* 6 Paige, 390.

Mesne rents and profits were recovered at common law by an action against the trespasser after recovery in ejectment. Courts of law, in time, came to treat this action as equitable and permitted the *bona fide* occupant the benefit of his improvement made upon the land in good faith to the extent and value of the rents and profits, by way of set-off. *Dothage v. Stuart,* 35 Mo. 253; Sedgwick & Wait on Trial of Title to Land, sec. 698.

In order more effectually to apply these equitable principles, remedial statutes have been enacted in most of the states, and in this state, the one under consideration (R. S. 1879, sec. 2259, *et seq.*), as also the sections authorizing the recovery of rents and profits (secs. 2252, 2253, 2254, *supra*). It is evident these statutes were designed to enlarge the equities previously applied, and to furnish a] more speedy and effective remedy than the common law afforded.

The proceeding to recover for improvements were designed merely to supplement and continue the ejectment suit out of which they grew, and enforce the equities of the occupant before the judgment in the original suit had been executed; otherwise in many cases the claims for compensation might be wholly fruitless. So, it has been held, as in this case on the first appeal, that the judgment for damages, rents and profits in the ejectment suit should be set off by the award in the subsequent proceeding for compensation (*Fenwick v. Gill,* 38 Mo. 528), and that the claim for the value of improvements must be made in the court in which the recovery in the ejectment suit was had. *Malone v. Stretch,* 69 Mo. 25. In this case it is said: "Taking the occupying claimant provisions as a whole, it seems quite clear that the true theory of the law is, that where

a claim is made for compensation for improvements all the statutory equities involved in that claim must meet with adjustment prior to the occurrence of eviction, and no remedy is conferred by the statute on the party making improvements, except he comply with its terms."

There is nothing in any section of the statute from which an inference can be drawn that the judgment, in the ejectment suit, is in any manner modified or affected by the proceeding for compensation other than that part of it, awarding damages and accruing rents and profits, may be reduced or satisfied by the award for the value of the improvements. The injunction merely operates as a stay of executing a writ of possession until the value of the improvements is ascertained. It operates merely as a *supersedeas* as in case an appeal had been taken from the judgment in ejectment. The statute growing out of the application of equitable principles should be given a liberal construction so as to do, as far as possible, under its provisions, complete justice between the parties. Plaintiffs apply for equitable relief under the statute, and themselves obtain an injunction preventing defendants from taking possession of the land, which has been adjudged to belong to them, until their equitable rights are settled. They, too, are subject to the same maxim "to do equity" which they are applying to defendants. When they elected to continue the occupancy of the land, for the purpose of obtaining equitable relief, there is nothing unfair or inequitable in requiring them to pay for its use and occupation. The right to enforce the judgment, only, was suspended by the injunction order, not its vitality. The judgment for rents and profits, to be applied as set-off to the value of the improvements under the mandate of the court, includes

the accrued rents and profits from the assessment of the same by the jury, to the time the set-off is applied.

Judgment reversed, and cause remanded with directions to enter such orders as may be necessary to carry out the previous mandate of this court in accordance with this opinion. If the judgment exceeds the award for compensation it should be credited by the amount of the award. Inasmuch as the plaintiffs are charged with the rents and profits of the land, in its improved condition, they should be allowed interest on the amount assessed for improvements from the date of its assessment. When compensation for improvement has been satisfied, either by payment, or set-off, the injunction should be dissolved.

In order to apply the set-off equitably the rents and profits that had accrued at the date of the assessment of the value of improvements should be deducted from the amount assessed. Interest should be calculated on the balance for one year at six-per-cent., and the amount reduced by the rents and profits for the year, and so continue, allowing interest on balances and making annual deductions of rents and profits until the assessment is exhausted, or if not exhausted to the date at which the final order is made. All concur.