CHARLES MICHALSKI, Respondent, v. WILLIAM O. GRACE et al., Appellants.

Springfield Court of Appeals, December 5, 1910.

1. **STATUTORY CONSTRUCTION: Real Property: Recovery for Improvements: Pleading.** Sections 2401 and 2402, Revised Statutes, 1909, providing for the recovery of the value of improvements made upon the land in good faith, are remedial in their character, and should be liberally construed. A petition under these statutes is examined and *held* sufficient.

2. **ESTOPPEL: Pleading.** A party may be bound in one suit by his pleading in a former suit, and in a proper case should not be permitted to assert matter contradictory to the position taken in his former pleadings. But the facts in this case, an action to recover for the value of improvements put on land in good faith, are examined in connection with the pleadings in the former ejectment suit, and *held* not a case for the application of this rule.

3. **NOTICE: Real Property: Action for Improvements: Ejectment.** The notice which will prevent the occupant of land who has a judgment of ejectment against him, from recovering for the value of the improvements made, must be actual notice. It must be notice of an adverse claim of title, and the fact that there is a superior title in another party, and that that title appears of record, is not of itself a sufficient notice to defeat this action.

Michalski v. Grace.

4. ——: ——: ——: ——: In an action to recover for the value of improvements alleged to have been put upon the land in good faith, it appeared that the plaintiff purchased said land from parties who claimed to be the owners, or the agent of the owner; the purchase price was paid by plaintiff, but he never obtained a deed. The heirs of the party, who was the real owner at this time, were successful in an ejectment suit against the plaintiff in this case. *Held*, that plaintiff was entitled to recover for the improvements put upon the land in good faith, and that even if he thought he was buying the land from the defendant's ancestor, he would understand that such title was not adverse to him, and it did not appear that plaintiff had had notice of an adverse title prior to the time that he made such improvements.

Appeal from Ripley Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*Oscar L. Smith* and *Thomas Mabrey* for appellants.

(1) The court erred in permitting plaintiff to offer any evidence in support of his petition over the objections of defendants, that said petition did not state facts sufficient to constitute a cause of action; that it showed on its face that plaintiff went into possession of the land and made the improvements thereon without having a deed or other evidence of title thereto. Walker v. Arnold, 71 Vermont 263; Topliff v. Shadwell, 68 Kan. 317; Richmond v. Ashcraft, 137 Mo. App. 191; Powell v. Railroad, 76 Mo. 83; Caldwell v. Railroad, 181 Mo. 461; R. S. 1899, sec. 3073. (2) Plaintiff's testimony showed that he was not the owner, that he had no title to the land whatever, and he knew it, when he went into possession of the land and when he made the improvements. Hill v. Tissier, 15 Mo. App. 299; Lee v. Bowman, 55 Mo. 400; Marlow v. Liter, 87 Mo. App. 584; State to use v. Lefairve, 53 Mo. 470; State to use v. Donnelly, 9 Mo. App. 519; 1 Thompson

on Trials, sec. 1071. (3) Plaintiff's solemn admission in his answer filed, upon which the ejectment suit was tried, was a conclusive admission that he had knowledge, when he went into possession of the land and when he made the improvements thereon, that James A. Grace was the owner of the land, and that plaintiff had knowledge of the adverse claim of James A. Grace; and plaintiff was bound by that admission. This admission could be proved under the general denial. Bigelow on Estoppel (4 Ed.), 687, 691; Comstock v. Eastman, 108 Mo. 50; Boettger v. Roehling, 74 Mo. App. 265; Lilly v. Menke, 143 Mo. 137.

*C. B. Butler* and *C. O. Borth* for respondent.

COX, J.—Action by plaintiff against defendants for improvements placed upon certain lands in Ripley county by the plaintiff while occupied by him, as he contends, under claim of title, and without notice that defendants had title. Trial was had before a jury and verdict rendered for plaintiff in the sum of one thousand dollars, and defendants have appealed.

The first contention is that the petition in this case is wholly insufficient, and that defendant's objection to the introduction of any testimony under it should have been sustained. We call attention, first, to the fact that the sections of the statutes under which this action was brought, to-wit: sections 3072 and 3073, statutes 1899, now sections 2401 and 2402, statutes 1909, are remedial in their character, and the statutes as well as proceedings under them are to be liberally construed in furtherance of justice between the parties. [Cox v. McDivit, 125 Mo. 358, 28 S. W. 597; Stump v. Hornback, 109 Mo. 272, 18 S. W. 37.]

The petition in this case alleges in substance that defendants had brought an ejectment suit against this plaintiff on the 16th day of October, 1907, for the pos-

session of the land on which it was claimed the improvements were made, and that as a result of that action judgment went in favor of defendants and against plaintiff for the possession of the land. Plaintiff then sets out his claim of title which is that he purchased the land from Charles Peters who had bought the land from James A. Grace, through his agent, C. H. Martin, from whom defendants inherit said land, paying said Peters $1680; that he went into possession under his purchase on the 10th day of May, 1905, and was still in possession; that the parties from whom he purchased had refused to execute a deed; that he had brought suit against said Charles Peters and James A. Grace, and secured a judgment against them decreeing title to plaintiff; that he entered into possession and made the improvements upon the premises in good faith, believing that he had title and without any notice of the adverse title or claim of defendants.

This petition, we think, entirely sufficient under the statute, and that contention must be ruled against the appellants.

It is next contended that a peremptory instruction should have been given for defendants for the reason that plaintiff's own testimony shows that he had notice of the title of defendant at the time he went into possession and made the improvements. Plaintiff testified that he did not have any knowledge of the claim of these defendants, or their ancestor, when he bought the land from Peters through his agent Martin, and that both Peters and Martin promised to make him a deed to the land, but that they had never done so; that he paid to Peters the full purchase price, to-wit, $1680, and made the improvements, believing that he was the owner of the land. It is, however, contended by appellants that the plaintiff is estopped from now asserting that he had no notice of the title of defendant's ancestor for the reason that in the ejectment suit

he. filed an answer which contained the following language: That he " went into possession as owner . . . claiming the land as owner, having purchased the same through Charles Peters and Dr. C. H. Martin, who represented themselves to be the agents of the owner, James A. Grace, who is alleged to be the ancestor of the defendants herein, who are now claiming the land." It is contended that this is a solemn admission of record of notice of the title of James A. Grace. The history of this transaction seems to be about as follows:

James A. Grace was owner of the land and his title appeared of record. He sold the land to Charles Peters, and this contract of sale also appeared of record. The plaintiff in this case was of Polish descent and unable to either speak or read the English language. Peters, through his agent, Martin, sold the land to plaintiff and promised to make a deed, but after Peters had secured the purchase price, $1680, he departed for parts unknown, and did not make a deed. James A. Grace, the owner of the land, afterward died, and the defendants in this suit, who are his heirs, asserted title and brought an ejectment suit against this plaintiff, and obtained judgment in their favor. It also appears that the plaintiff in this action a year or so after having purchased the land, and having failed to secure a deed, brought an action to quiet title against Peters and Grace, and secured a decree of the court in his favor, but, as it afterward developed, Grace was at that time dead, so that this judgment was of no avail, and these defendants who are the heirs of James A. Grace then brought the ejectment suit. Should the plaintiff, under these circumstances, be estopped from now asserting that he bought the land, and put the improvements thereon without notice of the *adverse* title of defendants? We do not think so. A party may be bound in one suit by his pleading in a former suit,

and in a proper case should not be permitted to assert matter contradictory to the position taken in his former pleading, yet, under the facts in this case, our conclusion is that it is not a case for the application of this rule. The notice which will prevent the occupant of land, who has a judgment of ejectment against him, from recovering for the value of improvements made, must be actual notice. It must be notice of an *adverse* claim of title and the fact that there is a superior title in another party, and that that title appears of record, is not of itself a sufficient notice to defeat this action. [Marlowe v. Liter, 87 Mo. App. 584; Richmond v. Ashcraft, 137 Mo. App. 191, 117 S. W. 689; Brown v. Baldwin, 121 Mo. 106, 1. c. 115, 25 S. W. 858.]

If we conclude that the plaintiff in this case is bound by the allegations of the answer filed in the ejectment suit in which he stated that he purchased the land from Charles Peters and Dr. C. H. Martin, who represented themselves to be the agents of the owner, James A. Grace, yet this is not inconsistent with his claim in the present case. Suppose it were true that Peters and Martin, represented to him that Grace was the owner of the land and sold it to him as the agents of Grace and promised to secure him a title and he paid them the purchase money, and he then entered into possession and made these improvements, believing that he had a valid contract of purchase, it is clear to us that he would be brought within the statute. Mere notice of title is not sufficient, unless it is a title that is *adverse* to that of the plaintiff. If plaintiff thought he was buying land from Grace he would understand that Grace's title was not adverse to him, but that he was securing Grace's title, and, therefore, instead of being adverse, it would be in harmony with his own claim.

The evidence as a whole was sufficient to take the case to the jury, and the court was right in refusing a peremptory instruction for the defendants.

It is finally claimed that the amount of the verdict is excessive. The court, by its instruction, limited plaintiff's recovery to improvements that were placed upon the land prior to September 14, 1906. It was upon this date that plaintiff had filed his suit against Peters and Grace to quiet title to his land, and the court very properly held that at that date he had knowledge of the adverse claim of Grace to the land. We have gone very carefully through the testimony and cannot find therefrom that the amount of the verdict is excessive. Plaintiff's testimony tends to show the entire improvements to have been worth, at least, two thousand dollars, and the portion thereof which was made prior to September 14, 1906, does not very clearly appear, but there is sufficient testimony, we think, to sustain the verdict in this case. The case was well tried, and the judgment will be affirmed. All concur.