THE STATE ex rel. LIZZIE JINER v. J. P. FOARD,
Judge of Butler Circuit Court, and LONDON
JINER.

**In Banc, June 2, 1913.**

1. **Ejectment: Improvements: Independent Action.** When a de-
fendant in ejectment does not claim title from or through the
plaintiff, his action for improvements placed on the land by
him in good faith in the belief that he was the owner thereof,
must be and is an independent action, but is ancillary to the
ejectment action. In such case the value of the improvements
cannot be adjudicated in the ejectment suit proper, but must be
ascertained in a suit under the statute, brought in the same
court.

2. ————: ———: ————: **Injunction Without Bond.** Ordi-
narily the court has no jurisdiction to grant an injunction
unless the statute exacting a bond (Sec. 2522, R. S. 1909) is
complied with. But an injunction bond is not a condition
precedent to the granting of a restraining order by the circuit
court enjoining the successful plaintiff in ejectment from taking
possession of the premises adjudged to belong to him until the
value of the improvements placed thereon by defendant are
adjudicated. The injunction provided for by section 2403 of
the Ejectment Statute is not an injunction within the meaning
of section 2522 of the Injunction Act. It is of the nature of a
stay of the writ of restitution. While the suit for improvements
is an independent one, yet it must be brought in the same court
in which the ejectment action was tried, and is ancillary to
that action, and what is styled "an injunction" by section 2403
is in effect a stay of execution under the ejectment judgment
until the value of the improvements are adjudicated, and of
course the court can without bond stay a writ of restitution.

Prohibition.

Writ denied.

*Ernest A. Green* and *D. B. Deem* for relator.

(1) The writ of prohibition lies to prevent an ex-
cessive or unauthorized application of judicial power,
and also to prohibit a court from assuming judicial

power not granted by law. State ex rel. v. Williams, 221 Mo. 227. (2) The suit instituted by London Jiner v. Lizzie Jiner is under Secs. 2401, 2402 and 2403, R. S. 1909, and the prayer of plaintiff is for a temporary restraining order. (3) Injunctions cannot be changed by calling them restraining orders or other names, and a bond is a condition necessary (before final judgment) to give courts jurisdiction to make such orders. Circuit courts have no such power. Aken v. Rice, 137 Mo. App. 147. (4) This restraining order was not on final hearing, case being still undetermined. (5) Sec. 2522, R. S. 1909, provides that no injunction, unless on final hearing or judgment, shall issue in any case, except in suits instituted by the State in its own behalf, until the plaintiff, or some responsible person for him, shall have executed a bond. (6) No bond was taken or required before the restraining order was made. (7) In all cases heretofore determined in the appellate courts, a bond was filed for temporary injunction or restraining order. 13 Mo. App. 36. The court had no jurisdiction to make a restraining order without bond, for the reason that a bond is a peremptory condition required by statute. Sec. 2522, R. S. 1909; State ex rel. v. Williams, 221 Mo. 227; Aken v. Rice, 137 Mo. App. 147.

*L. M. Henson* for respondents.

An occupying claimant, who is an unsuccessful defendant in an ejectment suit and who has made improvements in good faith, has a vested right in the premises in controversy, and entitled to hold possession thereof until compensated for improvements made, where suit is brought during the same term of court at which the judgment in ejectment was rendered and before eviction. Allen v. Mansfield, 82 Mo. 688; Malone v. Stretch, 69 Mo. 25; Devine v. Charles, 71 Mo. App. 210; Marlow v. Liter, 87 Mo. App. 584;

Pool v. Slicer, 129 Mo. App. 364; Russell v. Defrance, 39 Mo. 506. The order of the court, staying execution and enjoining plaintiff in the ejectment suit from taking possession of the property, was simply an amendment to the judgment in ejectment, before the term at which the same was rendered had lapsed, and any order or judgment rendered by the court at the same term can be modified, or set aside without the exercise of excessive jurisdiction. Equity demanded that such order be made by the court. Devine v. Charles, 71 Mo. App. 213; Malone v. Stretch, 69 Mo. 26; Webster v. Steward, 6 Iowa, 401; Claussen v. Rayburn, 14 Iowa, 136. Prohibition is intended to prevent, and will not lie to set aside judicial orders already made. 32 Cyc. 603; Klingelhoefer v. Smith, 171 Mo. 455; State ex rel. v. Burckhartt, 87 Mo. 533.

GRAVES, J.—Original proceeding in prohibition. The facts of the case must be gathered from the returns, as the case proceeds here upon the pleadings, without evidence. Judge Foard of the Butler Circuit Court, one of the respondents, makes returns as follows:

"Now comes J. P. Foard, one of the respondents herein, and for his return to the writ of prohibition issued in this case, respectfully says:

"That he is now, and was at the time mentioned in said writ, the duly acting and qualified judge of circuit court of Butler county, Missouri.

"That on the 14th day of February, 1913, in the circuit court of Butler county, Missouri, and at the January term of said court, decree was entered in favor of Lizzie Jiner, relator herein, against London Jiner, respondent herein, in an ejectment suit involving the real property in relator's petition herein described, and that London Jiner was the defendant in said ejectment suit and in possession of the property.

"That on February 20, 1913, and during the same term of the Butler Circuit Court, said London Jiner filed a suit against Lizzie Jiner to recover the value of improvements made by him in good faith, believing he was the owner of said property, and in his petition in said cause asked that defendant be enjoined from taking possession of said premises until. this action could be heard and determined.

"That on March 3, 1913, this respondent made an order in the circuit court of Butler county, Missouri, enjoining said Lizzie Jiner from obtaining writ of restitution for the possession of said premises until the termination of suit for the value of improvements on said property.

"That on March 3, 1913, and after the last above described order was made, said Lizzie Jiner filed a motion to rescind said order, and that said motion was overruled by this respondent on the 7th day of March, 1913.

"Respondent further states that the Butler Circuit Court was adjourned to court in course, and that thereafter on the —— day of March, 1913, this respondent was served with notice that relator would apply to this court for writ of prohibition herein.

"Respondent says that he is willing now and at all times to obey whatever orders this honorable court may see proper to make in the premises; and avers that he issued the restraining orders as he believed he had a right to do, under the laws of this State, and having fully made return respectfully prays to be hereof discharged."

The order or judgment of March 3, 1913, referred to in the return is as follows:

"Now at this time it appears to the court, that in an ejectment proceeding heard and determined in this court on February 14, 1913, in which Lizzie Jiner was plaintiff, and London Jiner was defendant, said Lizzie Jiner obtained judgment against said London Jiner

for the possession of lot 8 in block 12 of Clevlen & Foley's subdivision of the northeast quarter of the southeast quarter of section 34, township 25 north, range 6 east, in Butler county, Missouri, which judgment was and is unappealed from; and it appears that afterward, to-wit, on the 20th day of February, 1913, and at the same term of this court, said London Jiner instituted this suit, which appears to be an action for improvements made in good faith believing he was the legal owner of the aforesaid premises, and praying among other things that said Lizzie Jiner, the defendant in this action, be enjoined from taking possession of said premises by virtue of the aforesaid judgment until the final termination of this suit.

"And it appearing that the plaintiff, London Jiner, upon the facts stated in the petition is entitled to the relief prayed for, it is ordered that defendant herein be enjoined from obtaining writ of restitution, and that the defendant, her agents and servants be enjoined from taking possession of the above described lands until the final hearing of this cause or the further order of this court."

Respondent London Jiner filed a motion to dismiss the relator's petition for writ of prohibition, assigning therein several grounds or reasons therefor, which if necessary will be noted later. Under the facts stated in the return should a writ of prohibition go, is the question with which we are vexed.

I. We have not set out the petition of London Jiner, the unsuccessful defendant in ejectment, but it will be sufficient to say that the said London at least attempted to bring an action under sections 2401 and 2402, Revised Statutes 1909. These sections become material in the discussion of the case, and we will quote them. Section 2401 reads:

"Sec. 2401. If a judgment or decree of dispossession shall be given in an action for the recovery of

possession of premises, or in any real action in favor of a person having a better title thereto, against a person in the possession, held by himself or by his tenant, of any lands, tenements or hereditaments, such person may recover, in a court of competent jurisdiction, compensation for all improvements made by him in good faith on such lands, tenements or hereditaments, prior to his having had notice of such adverse title.''

Section 2402 reads:

"Sec. 2402: The plaintiff in his petition shall set forth the nature of his title, the length of his possession and the kind and value of the improvements made; and shall also aver therein that he entered into the possession of the land, believing that he had good title thereto, and that he made the improvements specified in the petition in good faith, under the belief that he had good title to the land, and shall be verified by his affidavit thereto annexed.''

We have held that when the defendant in ejectment does not claim title from or through the plaintiff, then his action for improvements must **Independent Suit.** be and is an independent action. That in such case the value of the improvements cannot be adjudicated in the ejectment suit proper, but must be adjudicated in an action under the statute. [Tice v. Fleming, 173 Mo. l. c. 56 et seq.; Bristol v. Thompson, 204 Mo. 366; Mann v. Doerr, 222 Mo. l. c. 19.]

London Jiner, the unsuccessful defendant in the ejectment suit, has proceeded under the statute and his rights in this action now before us must be measured by the statute. Not only so, but the action of the circuit judge, his co-respondent in the pending case, must likewise be gauged by those statutes. Pertinent to the case is another section of the chapter pertaining to ejectment. It is section 2403, Revised Sttautes 1909,

and immediately succeeds the sections we have quoted, *supra.* The language of this section is:

"Sec. 2403. An injunction may be granted to stay the plaintiff from taking possession of the land until the value of the improvements is ascertained, or until the further order of the court."

We have here expressed statutory authority for the granting of an injunction in cases brought under these statutes, and this we do not understand that counsel for relator deny. Their contention is that the judgment which we have quoted is not a final judgment in injunction, and therefore should not have been entered until an injunction bond had been given. They further contend that the act of Judge Foard in granting such injunction without bond was an act in excess of his authority and powers, and therefore one to be reached by our writ of prohibition. The real question is, should this order or judgment by way of injunction have been made without a bond having been previously given? That question we take next.

II. If an injunction bond was a condition precedent to the granting of the restraining order made by Judge Foard in the case pending *nisi,* then the entering of that order was beyond the lawful jurisdiction of that court and the writ of prohibition lies. In State ex rel. v. Williams, 221 Mo. l. c. 266, upon this exact question, this court said:

Ejectment:
Suit for
Improvements:
Injunction:
No Bond.

"In view of the reason of the statute exacting a bond as a condition precedent to the granting of an injunction, we are of the opinion that the requirement of it goes to the very jurisdiction of the court and that an injunction under the statute without requiring the bond and its execution and approval before the issuing of the injunction is and would be in excess of the jurisdiction of the circuit court; that, notwithstanding

its general equity powers, the statute must control and be held to modify and regulate its jurisdiction, and when the consequences to a defendant are considered the statute is a wise and salutary one and should be enforced. On this point our opinion is that the respondent in issuing his restraining order and refusing to discontinue, set aside or annul it, exceeded his jurisdiction and should be prohibited from further maintaining said temporary injunction and ordered to set aside the same.''

GANTT, J., carefully and fully collates and discusses all the cases in the Williams case, supra, and with his reasoning we are satisfied. Approaching the same question, but from another angle, REYNOLDS, P. J., in Akin v. Rice, 137 Mo. App. l. c. 157, says:.

''Under our statute, the court had no power whatever to issue any kind of a restraining order in the nature of an injunction without the exaction and the execution of a bond. Section 3637, Revised Statutes 1899, specifically provides: 'No injunction, unless on final hearing or judgment, shall issue in any case, except in suits instituted by the State in its own behalf, until the plaintiff, or some responsible person for him, shall have executed a bond with sufficient surety or sureties to the other party, in such sum as the court or judge shall deem sufficient to secure the amount or other matter to be enjoined, and all damages that may be occasioned by such injunction to the parties enjoined, . . . conditioned that the plaintiff will abide the decision which shall be made thereon, and pay all sums of money, damages and costs that shall be adjudged against him if the injunction shall be dissolved.' The authority of the courts of this State to issue injunctions is coupled with the obligation to exact a bond. The statute is not to be evaded or frittered away by calling that which is an injunction by any other name. The restraining order in this case was of force against all of the defend-

ants until it was dissolved and a further injunction refused on hearing of the motion to make it of force until final hearing. Who can doubt that a disregard of it would have subjected those against whom it was leveled and who were bound by it, to punishment for contempt, exactly as absolutely as if it had been termed a temporary injunction? It would have been treated exactly as any other injunction. We decline to follow the refinements of the very able, industrious and learned counsel for the appellant in their attempt to draw a distinction between such a temporary restraining order and an injunction."

The statute now is the same as the one quoted by our brother of the Court of Appeals. In fact this statute has been in force since 1835, and its purpose is ably discussed by MARTIN, Commissioner, in City of St. Louis v. St. Louis Gaslight Co., 82 Mo. l. c. 356. [See also State ex rel. v. Williams, supra, 221 Mo. l. c. 265.]

But passing to the case in hand, is the order made in the case *nisi* an injunction order within the meaning of the injunction statute, supra? If it is then in our judgment it is an order in excess of jurisdiction, having been made and entered without the giving of a bond. In other words, is the injunction provided for by section 2403, Revised Statutes 1909, supra, the Ejectment Act, an injunction within the meaning of section 2522, Revised Statutes 1909, in the Injunction Act? Relator contends that it is, and respondent, *contra*.

We are not inclined to the view that the injunction provided for by section 2403 of the Ejectment Act, is an injunction falling within the strict purview of section 2522 of the Injunction Act. This view we reach upon a full consideration of the statutes governing ejectment proceedings, and the recovery of the value of improvements placed upon the premises in good faith. Whilst we have held that under certain conditions the

recovery for improvements must be in a separate statutory action, and that this statutory action is an independent suit, yet we have also held that such suit must be brought in the same court which determined the ejectment suit (Stump v. Hornback, 109 Mo. 272; Fairchild v. Creswell, 109 Mo. 29; Malone v. Stretch, 69 Mo. 25), and further that such action cannot be brought after eviction. In the Malone case, supra, SHERWOOD, C. J., said:

"Nor do we think that although the statute authorizes a recovery 'in a court of competent jurisdiction' for improvements made in good faith upon the land of another, this language, though quite broad, is sufficiently comprehensive to admit of a suit being brought in any other court than the one wherein the recovery in ejectment was had. And we are of opinion, also, that the party who seeks compensation for improvements made, must do this, anterior to the time of his eviction, and if he delay till after that occurrence, his remedy, at least so far as an action at law is concerned, being purely statutory, is lost. This we think inferentially evident from the case referred to, and from the law on which it is based. Taking the occupying claimant provisions as a whole, it seems quite clear that the true theory of the law is that, where a claim is made for compensation for improvements, all the statutory equities involved in the claim must meet with adjustment prior to the occurrence of eviction, and no remedy is conferred by the statute on the party making improvements, except he comply with its terms. These views are supported by the decisions of the Supreme Court of Iowa, whose statute is similar to our own. [Webster v. Stewart, 6 Iowa, 401; Claussen v. Rayburn, 14 Iowa, 136.] In these cases it was held that a party out of possession could not maintain an action for compensation for improvements."

And in Stump v. Hornback, supra, he said:

"The injunction merely operates as a stay of executing a writ of possession until the value of the improvements is ascertained. It operates merely as a *supersedeas* as in case an appeal had been taken from the judgment in ejectment. The statute growing out of the application of equitable principles should be given a liberal construction so as to do, as far as possible, under its provisions, complete justice between the parties. Plaintiffs apply for equitable relief under the statute, and themselves obtain an injunction preventing defendants from taking possession of the land, which has been adjudged to belong to them, until their equitable rights are settled."

The statutes seem to contemplate that the claimant for improvements shall remain in possession until all matters are settled, for by section 2404, Revised Statutes 1909, the plaintiff in ejectment may, in the suit for improvements, elect to relinquish the land to "the occupying claimant" and recover the value of the land outside of the improvements. Again by section 2405, if the plaintiff consent thereto, the court can direct that the occupying claimant take the land and pay for it, and if he fails, then the plaintiff in ejectment may take it discharged of claimant's lien for improvements. Further by section 2402 the land may be divided between them. So when all these statutes are considered it is evident that the law contemplates that the occupying claimant remain in possession until the full rights of the parties are determined in the suit for improvements. Of course, he is not relieved of paying rents and profits, but he may offset these by the value of his improvements and recover over for the surplus. [Stump v. Hornback, supra.]

The suit for ejectment and the suit for improvements are very much entwined. They are suits between the same parties, the only difference being that the parties are reversed. It takes the two proceedings to adjust all the equities. So whilst we have held that

the statutory action for improvements is an independent action (and in the broad sense it is) yet it is one ancillary to or in aid of the other, and between the same parties. Viewing the whole matter we are impressed with the idea that the injunction or restraining order provided for in the ejectment statute is one which does not fall within the strict letter of the injunction law. It is more in the nature of a stay of the writ of restitution in the ejectment branch of the case. That the court could without bond stay the writ of restitution in an ejectment case, goes without question. To my mind the injunction mentioned in section 2403, Revised Statutes 1909, is nothing more than a stay of the writ of restitution, and because the ejectment case and the statutory action for improvements are so closely aligned, the Legislature permitted the order staying the writ of restitution in the one to be made in the other. Great harm might result from ousting the occupying claimant before the adjustment of all rights.

My first impression of this case was that the writ of prohibition would have to go, but an examination of the cases and the statutes has changed my views. As above indicated, I am impressed with the idea that the order made by Judge Foard is not one falling within the letter of the injunction act, and if not, then the writ of prohibition should be denied. Let the order to show cause be discharged, and the writ of prohibition denied. All concur.