**STATE of Missouri, ex rel. Lawrence Leslie HARTMAN, Relator,**

v.

**Honorable Herbert CASTEEL, Circuit Judge of Jasper County, Missouri and Leland B. Boatwright, Sheriff of Jasper County, Missouri, Respondents.**

No. 13122.

Missouri Court of Appeals, Southern District, Division Two.

May 18, 1984.

Gene C. Thompson, Carthage, for relator.

James R. Spradling, Esterly, Spradling & Checkett, Carthage, for respondents.

MAUS, Presiding Judge.

By this original proceeding in prohibition, the petitioner seeks to stay the enforcement of a writ of possession for real property and for damages of $200. A preliminary order was issued. The matter is for final determination upon an amended petition, the answer thereto, and a multitude of exhibits incorporated in those pleadings. The following is a summary of the facts established by that record.

The controversy has its origin in a "Contract for Deed" entered into by Frankie McFadden as vendor and Lawrence Leslie Hartman and Debra Sue Hartman, his wife, as vendees. McFadden subsequently conveyed an interest to Ann McFadden

McKee. However, that conveyance is immaterial to any issue and McFadden will be referred to as the sole litigant representing the interests of the vendor. Apparently the marriage of the Hartmans was dissolved. The inference from the record is that Lawrence Leslie Hartman (Hartman) acquired all interests of the vendees under the Contract for Deed. He has been so regarded by the parties and will be by this court.

In the underlying action, Hartman sought recovery against McFadden in five counts, as follows.

I. For damages by reason of entry of the subject real property on March 1, 1982; II. for damages by reason of entry of the subject real property on December 19, 1981; III. for damages for conversion of personal property; IV. for replevin of that personal property; and V. for damages for withholding possession of the subject real property from the date of March 1, 1982.

In turn, McFadden sought recovery against Hartman in three counts as follows.

I. For a determination Hartman defaulted in performance of the contract and has no interest in the subject real property; II. for damages for withholding possession of the subject real property; and III. for rent for a separate tract of real property.

All counts were tried before the court and a jury on August 25, 1982. A formal judgment of that date reflects the following disposition of the Hartman counts:

I. A jury verdict in favor of Hartman and against McFadden for $26,000;

II. A jury verdict in favor of Hartman and against McFadden for $100;

On Counts III, IV, and V, the court directed a verdict in favor of McFadden. The formal judgment reflects the following disposition of the McFadden counts:

I. A determination and judgment by the court that Hartman defaulted in the contract and quieting title to the property in McFadden;

II. A verdict for McFadden and against Hartman for holding over for $200;

III. A verdict for Hartman and against McFadden on the issue of rent. Judgments were rendered on the verdicts on Hartman's Counts I and II and McFadden's Counts II and III. The court also adjudged that McFadden recover possession of the real property.

On September 29, 1982, McFadden was awarded a new trial on Hartman's Count I (judgment for $26,000) and McFadden's Count III (judgment for Hartman on McFadden claim for rent). All other after trial motions were overruled.

On October 27, 1982, Hartman brought a separate action against McFadden. The Sheriff of Jasper County was also named a defendant. This action was apparently brought under the "Betterment Statutes", §§ 524.160 to 524.250. In that action Hartman seeks to recover for improvements to the subject real property. In Count II, he asks for an injunction restraining McFadden from recovering possession of the subject real property until the value of the improvements and the value of the subject real property is determined. A temporary restraining order granting that relief was issued. Hartman was ordered to post a bond of $10,000. On January 14, 1983, the temporary restraining order was dissolved. On January 19, 1983, Hartman filed a motion in the first action to hold the judgment for possession in abeyance "until entry of a single final judgment disposing of all parties and all issues so as to have a single judgment for purposes of one single possible appeal." The motion was overruled. This proceeding followed.

By his first point, the petitioner contends he should prevail because "no final judgment disposing of all parties and all issues had been entered in the trial court." The petitioner's second point is that he has "no adequate remedy by a premature appeal of a judgment not yet final as to all parties and all issues." To support his contentions, the petitioner merely restates the often repeated general statement that a final judgment must dispose of all issues and all parties. *Steinmetz v. Missouri Hwy. & Transp. Com'n*, 645 S.W.2d 36

(Mo.App.1982). He cites § 512.020 and cases such as *Young v. Raupp*, 301 S.W.2d 873 (Mo.App.1957). Somewhat in contradiction of these contentions there is no final judgment, he emphasizes the power of the court to hold a judgment on one issue in abeyance until the determination of other issues. He cites cases such as *Lancaster v. Simmons*, 621 S.W.2d 935 (Mo.App. 1981); *Snadon v. Gayer*, 566 S.W.2d 483 (Mo.App.1978).

From a distance, these propositions and the suggestions accompanying the petition present a facade of a basis for relief. At first glance, *State ex rel. Turner v. Sloan*, 595 S.W.2d 778 (Mo.App.1980), could appear to be applicable. In that case, upon a counterclaim for ejectment, a judgment was entered for possession, but the case was placed upon the calendar for trial on the issue of damages for wrongful withholding. The court held there was no final judgment for appeal or for execution for possession. It is not necessary to extensively consider that case, nor *Fallin v. McLain*, 639 S.W.2d 391 (Mo.App.1982). In this case, a judgment for possession and for damages for wrongful withholding has been entered. As noted, Count III for rent, upon which a new trial was granted, concerned a distinct tract of real property. Compare *State ex rel. Ashcroft v. Gibbar*, 575 S.W.2d 924 (Mo.App.1978).

■ As stated, the petitioner's position rests upon the general proposition that a final judgment must dispose of all issues and all parties. Neither party recognizes that "a judgment may be characterized as final in one sense or for some purposes and not in another sense or for other purposes; that a judgment may be regarded as in suspension for some purposes and not for others." *State ex rel. Berbiglia, Inc. v. Randall*, 423 S.W.2d 765, 768 (Mo. banc 1968). Neither analyzes nor attempts to apply Rule 81.06 to determine the status of the judgments involved. *Chubb Group of Ins. v. C.F. Murphy & Assoc.*, 656 S.W.2d 766 (Mo.App.1983). No consideration has been given to whether or not any of the judgments constitute "a distinct 'judicial unit'; that is, a judgment which terminates the action with respect to the claim adjudged." *Lipton Realty v. St. Louis Housing Auth.*, 655 S.W.2d 792, 793 (Mo. App.1983). The same is true concerning whether or not any of the counts are detached claims susceptible of final, independent resolution. *Shell v. Shell*, 605 S.W.2d 185 (Mo.App.1980); *Brown v. Brown*, 444 S.W.2d 1 (Mo.App.1969). Or, involve a "dependent" claim. *Crenshaw v. Great Central Ins. Co.*, 527 S.W.2d 1 (Mo.App.1975).

Further, following the trial, a judgment was entered upon each count. At that time, there was clearly a "final judgment" disposing of all issues and all parties. Neither party attaches any significance to the fact that the orders granting a new trial upon two of the eight counts were appealable orders. *Travagliante v. J.W. Wood Realty Company*, 425 S.W.2d 208 (Mo. 1968); *Ely v. Parsons*, 399 S.W.2d 613 (Mo. App.1966). Compare *Pizzo v. Pizzo*, 365 Mo. 1224, 295 S.W.2d 377 (Mo. banc 1956); *Papin v. Papin*, 475 S.W.2d 73 (Mo.1972); *Robb v. N.W. Electric Power Cooperative*, 297 S.W.2d 385 (Mo.1957); *Moss v. Greyhound Lines, Inc.*, 607 S.W.2d 192 (Mo. App.1980).

The record abounds with those and other unrecognized legal questions that could have been developed. The facts necessary to resolve many of these issues and the finality of the judgment in question are not presented by the record. Because other factors are dispositive, it is not necessary for this court to consider these issues further. This opinion should not be construed as resolving any of the issues mentioned or any other issue not expressly made a basis for this decision.

■ There are well established general principles applicable to proceedings in prohibition that are determinative of this case. "[T]he petition must unequivocally and explicitly set forth every fact requisite to the issuance of the writ, . . . ." *State ex rel. Spec. Foam Products v. Keet*, 579 S.W.2d 650, 653 (Mo.App.1979).

Prohibition is to be used with great caution and forebearance and only in cases of extreme necessity and not to rule complaints of error which may be adequately reviewed on appeal. Neither

is it a writ whereby this court can substitute our judgment or discretion for that of a trial court properly vested with jurisdiction and exercising its discretion within the legitimate boundaries of such jurisdiction. *Crackerneck Country Club, Inc. v. Sprinkle,* 485 S.W.2d 652, 655 (Mo.App.1972).

"[P]rohibition is not a writ of right; that its issuance in a given case is addressed to the sound discretion of this Court, ....;; *State ex rel. Hannah v. Seier,* 654 S.W.2d 894, 895 (Mo. banc 1983).

Petitioner suggests that his eviction will result in the automatic forfeiture of his claim for improvements. It is true that it has been said that the statutory action for improvements, as distinguished from the common law remedy, cannot be brought after eviction. *State ex rel. Jiner v. Foard,* 251 Mo. 51, 157 S.W. 619 (banc 1913). That proposition need not be considered further. Petitioner has instituted his action for improvements prior to his eviction. It is not necessary to explore all possible consequences that may arise from McFadden gaining possession before the determination of the values in question. For example, see *Sutton v. Anderson,* 326 Mo. 304, 31 S.W.2d 1026 (banc 1930). In passing, it must be noted that nothing herein should be construed as having any implication concerning the merits of the plaintiff's claim for improvements. *Snadon v. Gayer, supra,* at p. 495.

■ It is significant that this judgment is not an order for a pretrial seizure. See *State ex rel. Ken Reynolds Pharm. v. Pyle,* 564 S.W.2d 870 (Mo. banc 1978); *State ex rel. Tallen v. Marsh,* 633 S.W.2d 458 (Mo.App.1982). McFadden recovered a judgment for possession of the real property 20 months ago. By a motion to quash that judgment, the petitioner could have obtained a determination of whether or not the execution was based upon a valid and subsisting judgment. *Flynn v. Janssen,* 266 S.W.2d 666 (Mo.1954); *Murphree v. Baykowski,* 615 S.W.2d 463 (Mo.App.1981), *cert. denied* 454 U.S. 900, 102 S.Ct. 403, 70 L.Ed.2d 216 (1981). A denial of such a motion is appealable. *In re Marriage of Haggard,* 585 S.W.2d 480 (Mo. banc 1979).

■ Even if the judgment for possession and damages was not otherwise appealable, the petitioner could have sought a declaration by the trial court that it was final for the purpose of appeal under Rule 81.06. His failure to seek that declaration bears heavily against his right to prevail in this proceeding. *State ex rel. Scott v. Sanders,* 560 S.W.2d 899 (Mo.App.1978); *State ex rel. Pisarek v. Dalton,* 549 S.W.2d 904 (Mo.App.1977).

For these reasons and because of the inadequate record, in the exercise of its discretion, this court determines that the preliminary order in prohibition was improvidently issued. It is quashed.

HOGAN and PREWITT, JJ., concur.