MALONE, *Plaintiff in Error*, v. STRETCH.

1. **Ejectment**: IMPROVEMENTS: WHEN AND WHERE RECOVERABLE. An action under Wag. Stat., section 21, page 561, by a defendant in an ejectment suit against whom a judgment for possession has been rendered, to recover compensation for improvements made in good faith on the land prior to the action of ejectment, must be brought in the court in which such judgment was rendered, and before eviction from the premises.

2. **Judgment**: FORM. The statute does not authorize an absolute judgment for a pecuniary recovery in favor of the occupying claimant.

*Error to Lewis Circuit Court.*—HON. JOHN C. ANDERSON, Judge.

Action by occupying claimant for value of improvements brought under Wagner's Statute, chapter 50, section 20 *et seq.*

*N. Rollins* for plaintiff in error.

*H. J. Drummond* for defendant in error.

SHERWOOD, C. J.—Defendant, in an action of ejectment, brought in the circuit court of the United States for the eastern district of Missouri, recovered judgment against and evicted plaintiff, who, thereupon, brought in the Lewis circuit court the present action for the value of improvements, and obtained a judgment in the usual form for a sum of money, and defendant comes here on a writ of error.

The statute does not authorize an absolute judgment for a pecuniary recovery to be rendered in favor of an occupying claimant, as in the present instance. *Russell v. Defrance*, 39 Mo. 506. Nor do we think that although the statute authorizes a recovery " in a court of competent jurisdiction " for improvements made in good faith upon the land of another, that this language, though quite broad, is sufficiently comprehensive to admit of a suit being

brought in any other court than the one wherein the recovery in ejectment was had. And we are of opinion, also, that the party who seeks compensation for improvements made, must do this, anterior to the time of his eviction, and if he delay till after that occurrence, his remedy, at least so far as an action at law is concerned, being purely statutory, is lost. This, we think, inferentially evident from the case referred to, and from the law on which it is based. Taking the occupying claimant provisions as a whole, it seems quite clear that the true theory of the law is that, where a claim is made for compensation for improvements, all the statutory equities involved in that claim must meet with adjustment prior to the occurrence of eviction, and no remedy is conferred by the statute on the party making improvements, except he comply with its terms. These views are supported by the decisions of the Supreme Court of Iowa, whose statute is similar to our own.   *Webster v. Stewart*, 6 Iowa 401 ; *Claussen v. Rayburn*, 14 Iowa 136.   In these cases it was held that a party out of possession could not maintain an action for compensation for improvements.   As it is apparent from the construction given the statute that the plaintiff can, in no event, be successful, we reverse the judgment without remanding the cause.   All concur.

REVERSED.