A. N. F. TISSIER, Respondent, *v.* BRITTON A. HILL, Appellant.

November 28, 1882.

EJECTMENT — EXECUTION — RENTS AND PROFITS — INJUNCTION. — The plaintiff may have execution for the damages and rents and profits awarded him in an action of ejectment, notwithstanding proceedings are begun by the defendant in possession to restrain the plaintiff from taking possession of the land until the improvements claimed to have been made by the defendant have been ascertained.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

R. E. COLLINS, for the appellant, cited : *Dothage* v. *Stuart*, 35 Mo. 251 ; *Fenwick* v. *Gill*, 38 Mo. 510 ; *Russell* v. *De france*, 39 Mo. 508 ; *Smith* v. *Phelps*, 63 Mo. 585 ; *Malone* v. *Stretch*, 69 Mo. 25.

C. E. PEARCE, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

Tissier commenced ejectment against Hill and others, to obtain possession of a lot on Poplar Street, St. Louis. The suit was dismissed as to the other defendants, and there was a finding and judgment for plaintiff. The damages were assessed at $1,500, and the monthly rents and profits were found to be $20, and the judgment was, that plaintiff recover of defendant Hill the possession of the premises described in the petition, and also the damages and monthly value. From this judgment there was no appeal, and execution was issued in the usual form, at a subsequent term. After the rendition of the judgment in ejectment, and at the same term, Hill, claiming to have erected valuable improvements on the premises in question without notice of plaintiff's title, commenced proceedings under the statute to restrain Tissier from executing any writ of possession under his judgment until the value of the improvements should be ascertained, and asking that the improvements be appraised, and that, on payment of their value, the title to the improvements be vested in the party entitled under the statute.

On May 20, 1881, the court ordered that, on Hill's filing a bond with a penalty of $500, Tissier be enjoined from enforcing, or in any manner proceeding with, his cause. After the pleadings were all in, in the injunction proceeding, the restraining order was modified by the court, on motion to vacate the order theretofore made. The modified order was, that Tissier be " restrained only from proceeding under the judgment rendered in the cause number 55,578 of this court, to dispossess plaintiff of the

premises in said judgment described, until the further order of this court.'' Hill was also required to file a new bond in the penal sum of $1,500. The new bond was filed. Hill then moved to vacate the amended order of injunction so that the same should read that Tissier and the sheriff, etc., be enjoined from taking possession of the premises '' until the value of the improvements erected thereon by plaintiff in this cause be ascertained, and until the further order of this court, and that the said plaintiff execute and file herein a new bond conditioned according to law, in the penal sum of $1,500.'' This motion was overruled.

Tissier indorsed upon the execution issued upon his judgment, a direction to the sheriff not to evict Hill, but to proceed to collect the money judgment only.

A motion to quash this execution was made by Hill, and on hearing was overruled by the court. It is from this judgment that Hill appeals. On the hearing, the record and proceedings, including all motions, orders, and bills of exceptions in the injunction proceedings of *Hill* v. *Tissier*, were introduced in evidence.

The statute provides that, if plaintiff prevail in ejectment, and it appears that his right to possession is unexpired, the jury shall find the monthly value of the rents and profits; in such case, judgment shall be for recovery of the premises, the damages assessed and the accruing rents and profits at the rate found, from the date of the verdict until possession is delivered to plaintiff; that when the judgment is both for recovery of premises and of damages, plaintiff may have a writ of possession, which shall command the officer to deliver to plaintiff possession of the premises, and shall also command him to levy and collect the damages and costs, as in executions on judgments in other civil actions ; that if a judgment of dispossession be given in favor of the person having the better title, against the person in possession, such person may recover, in a court of competent jurisdiction, compensation for all improve-

ments made by him in good faith on such lands, prior to his having had notice of such adverse title ; and that, " an injunction may be granted to stay the plaintiff from taking possession of the land until the value of the improvements is ascertained, or until further order of the court." Rev. Stats., sects. 2254, 2255, 2256, 2259, 2261. If the value of the improvements exceeds the value of the land aside from the improvements, the court may order that the occupying claimant shall, by a - time to be specified in the order, take the land and pay the ascertained value therefor to the plaintiff ; and in default of such payment plaintiff shall take possession of the land discharged from all claim of the occupying claimant. If the value of the land, aside from the improvements, exceeds the value of the improvements, the court may, in its discretion, order, either that the plaintiff shall pay for the improvements before he shall be allowed to take possession of the land, or, that the land shall be divided between the parties in accordance with their respective rights. Rev. Stats., sects. 2263, 2265.

The harsh rule of the common law has become so far relaxed as to allow defendant in ejectment to set off the value of improvements made by him in good faith during his occupancy, to the extent of the rents and profits claimed. The statute goes further, and provides for the case where the value of the improvements exceeds the rents and profits. All the statutory equities involved in the claim for improvements must, however, be adjusted before eviction, and it is held that the action of the person who claims for improvements must be brought in the court in which the recovery in ejectment was had, and before that judgment has been enforced by eviction. *Malone* v. *Stretch*, 69 Mo. 25.

The injunction may be granted to stay the plaintiff from taking possession until the further order of the court ; but nothing is said about restraining the plaintiff from enforcing

his execution so far as the collection of his damages and rents and profits is concerned. These damages and rents and profits have been adjudged to belong to the plaintiff in ejectment, and execution in accordance with the judgment directs the sheriff to do two things, to deliver possession of the premises to plaintiff and to cause to be made, of the goods and real estate of defendant, the sum adjudged for damages, rents and profits, and costs. The making of this money is not a putting of plaintiff in possession; and if the plaintiff is restrained from taking psosession, he is not necessarily thereby restrained from collecting his money judgment; and to say that the trial court, where it exercises its power under the statute to restrain plaintiff from taking possession, must quash the execution, although the plaintiff has indorsed upon the writ a direction to the sheriff not to evict the defendant, seems to be to add to the statutory remedy given to the defendant in possession, something which the legislature has not seen fit to enact. The statute does not say that the circuit court may enjoin the execution of the judgment, nor does it say that the court shall issue any direction to the executive officer of the court in the matter. If an injunction is granted, it is to be directed to the plaintiff, forbidding him to take possession of the land until the value of the improvements is ascertained, or until further order. The order of the circuit court in the present case, though it does not follow the precise language of the statute, seems to be a substantial compliance with its direction. If plaintiff in ejectment was restrained from "proceeding to dispossess defendant under his judgment," he was, of course, restrained from "taking possession of the premises." We see no error in the action of the circuit court in overruling the motion to quash the writ, and the judgment will be affirmed. All the judges concur.