COLUMBUS SIRES, Respondent, v. W. A. CLARK
et al., Appellants.

Kansas City Court of Appeals, June 29, 1908.

LAND TITLES: Improvements: Good Faith: Recovery. One who
believes himself to be the true owner of the land and makes
valued and permanent improvements thereon without notice
of the true owner's claim, may recover the value of the en-
hancement which such improvements give the land but not for
the ordinary advance in the value of the land nor the costs of
the improvements, merely the additional value the improve-
ments gave the land; and instructions relating to the notice
of adverse claim and the measure of damages are summarized
in the opinion and approved.

Appeal from Grundy Circuit Court.—*Hon. George W.
Wanamaker,* Judge.

AFFIRMED.

*Platt Hubbell* and *George Hubbell* for appellants.

(1) Knowledge of Sires precludes recovery in this
cause. Overton v. Meggs, 105 S. W. 208; Brown v.
Baldwin, 121 Mo. 115. (2) Sires is not entitled to
appropriate the defendant's property by reason of his
exercise of his own rights.

*A. G. Knight* and *E. M. Harber,* for respondents,
filed argument.

ELLISON, J.—This action was begun and prose-
cuted to recover the value of certain improvements
made on certain lands in Grundy county, being eight-
tenths of a forty-acre tract. The judgment in the trial
court was for the plaintiff for $500, and the defendants
prosecute this appeal. The case is a simple one involv-
ing questions which have been frequently determined
by the Supreme and appellate courts of the State, but

it has been so filled in with extraneous and unnecessary matter that it has been somewhat difficult to select out of the mass the points pertaining to the case.

Plaintiff was the occupant of the land in question (forty acres) for near thirty years, claiming to be the fee simple owner, and, as he insists, believing in good faith that he was such owner. Finally the true owners brought an action of ejectment against him and ousted him, recovering with the land itself damages and rents and profits. For a history of that case see Clark v. Sires, 193 Mo. 502.

One who believes himself to be the true owner of land, enters thereon and makes valuable permanent improvements, without notice of the claim of the true owner, may recover the value of the enhancement which such improvements give the land. The ordinary advance in the value of the land is no part of the measure. Nor is the cost of the improvements the measure, as they may have cost too much, or may not have been judicious. The measure is the addition in value the improvements have made to the land over and above what the value would have been had they not been made. For improvements of that character the ousted claimant may recover of the owner, provided he makes them without notice of the adverse claim. [Stump v. Hornback, 94 Mo. 26; Gallenkamp v. Westmeyer, 116 Mo. App. 680; Stump v. Hornback, 15 Mo. App. 367.]

The improvements for which judgment is sought consisted mainly in clearing the land of trees and brush and straightening a creek. There was evidence tending to show that the land, as it stood, was heavily covered with timber and brush and that it was worthless, for use, in that condition. That the clearing and grubbing brought it into a productive state and the enhanced value was between six and seven hundred dollars. The evidence does not leave room to doubt that plaintiff supposed himself to be the true owner of the

'fee simple title. He paid full value for the entire forty acres and received a warranty deed therefor, but as it turned out he only obtained title to two-tenths, leaving his claim confined to the eight-tenths. An examination of the record discloses that there was evidence tending to show that after plaintiff's purchase and during the period the improvements were being made, he did not have actual knowledge of the defendant's title, nor did he become possessed of sufficient information to put an ordinarily prudent man upon inquiry. Our consideration will therefore be directed to the instructions. If they are free from error materially affecting the merits of the case, we must affirm the judgment.

Those for the plaintiff conditioned his right to recover on his having entered into possession of the premises and made the improvements "in good faith, that is with an honest belief that they owned and had title thereto." That if he recovered, it should be the difference in the value of eight-tenths of said lands with said improvements and without said improvements, not however to exceed the reasonable value of the cost of said improvements and not to exceed $20 per acre or $640 for such improvements, and not to embrace, in aforesaid difference any value that may have been added to said land aside from said improvements.

On the question of notice they submitted his right to recover unless he had knowledge of the true state of the title or such information as would put an ordinarily prudent man on inquiry. And that although different persons may have upon different occasions expressed their opinions and beliefs that the Clark heirs had or would make some claim to the land and though this may have been a general report of the neighborhood, yet unless plaintiff knew of such talk or reports they could not affect him. General report, while evidence of knowledge, is not conclusive. We

cannot see any valid objection to these instructions. They state the law as understood and decided in this State.

Defendants asked fifteen instructions and the court gave nine and refused six outright, though in two of those given there were immaterial changes made. Of those given, Nos. 5, 6 and 7 set forth the state of the title to the land. No. 8 was the counterpart of plaintiff's as to notice and put the burden on plaintiff. No. 9 informed the jury that notice to plaintiff could be proved by circumstantial evidence and that they could consider all the facts and circumstances shown.

No. 10 informed the jury that it was plaintiff's duty as life tenant "to keep up the ordinary repairs and to pay the taxes on the land in controversy until the death of Cynthia Clark, and that plaintiff is not entitled to recover anything for so doing."

No. 11 warned the jury that if they found a verdict for plaintiff, he was not entitled to recover what the improvements may have cost him, nor their actual value, but only whatever sum they may have increased the value of the land, and that he was "not entitled to the natural commercial increase in value," or for any increase "which has resulted from any cause other than his alleged improvements."

Of those refused for defendants, all contained in them which was proper was embodied in those given, and we do not deem it necessary to comment on any save No. 2. That instruction informed the jury that "clearing land and putting it in cultivation is simply a privilege that the life tenant may enjoy in his use and occupancy of the land," and that therefore plaintiff was "not entitled to recover anything for such clearing and putting in cultivation." We will not enter upon a discussion of the rights of a life tenant as they relate to the remainderman. If the plaintiff had known he was only a life tenant, the question as to his rights in

and to improvements would be totally different from what they are under the facts as we must assume them to be in this case. Here he made improvements in the belief of his fee simple title and without notice of an adverse claimant to whom he must surrender them. In such cases we do not see how the fact that he was, in reality, a life tenant can affect his right, since all claim of waste, rents and profits, etc., were determined in the ejectment against plaintiff.

No. 12 is in reality but a statement in different form of the measure of damage. The jury had already been informed of what plaintiff should and should not recover. It was properly refused.

Taking the instructions which were given, as an entirety, no one can doubt but that the jury understood every issue in the case. They were made too plain for the probability of error on the part of the jury.

We think there was no error committed in the rulings made on evidence. It is insisted that the court should not have permitted witnesses to state what the work of clearing was worth. No issue of that kind was submitted to the jury. It is true that witnesses made statements of the worth of the work. But that was only a mode of obtaining the value. One of the means of showing the value of anything is to show the cost to produce it. It does not follow that an improvement is necessarily worth its cost. But, at the same time, it is one of the things which tend to show the value. As we have already seen, the jury were especially warned as to these matters.

We have gone over the whole record and can find nothing to justify us in interfering. The case was fully investigated and fairly tried, and with the jury's conclusion we must rest content, since to them belongs the duty of finding the facts. The judgment is affirmed. All concur.