## LIZZIE EISBERG et al., Respondents, v. F. B. PHILLIPS et al., Appellants.

### St. Louis Court of Appeals, May 8, 1917.

1. **EJECTMENT: Compensation for Improvements: Constructive Notice of Defective Title.** One who, prior to being notified of an adverse title, makes improvements on land, in good faith, believing he is the owner of the land, is entitled to recover compensation for such improvements, under Sec. 2401, R. S. 1909, upon a judgment of dispossession being given against him in an action of ejectment, although the defect in his title was ascertainable from an examination of the records—at least, unless his ignorance was due to inexcusable negligence.

2. ———: ———: ———. Where land was conveyed to a woman and the heirs of her body, and she conveyed it as though she were the owner in fee, and her grantee and his successors in title, including plaintiff, held the land for over forty-six years, under conveyances purporting to convey the fee and believing that they did so, plaintiff, upon being dispossessed, in an action of ejectment, on the ground that the deed to the woman and the heirs of her body gave her a life estate only, could not be denied a recovery, in an action brought under Sec. 2401, R. S. 1909, for the value of improvements made by him on the land, on the theory that the record imparted to him constructive notice of the adverse title, since one who makes improvements in good faith and before he is cognizant of the adverse title, believing he owns the land, is within the protection of the statute, notwithstanding an examination of the records would disclose that his title is defective—at least, unless his ignorance is due to inexcusable negligence, which, under the facts of this case, could not be said to be true of plaintiff or his grantors.

Appeal from Franklin Circuit Court.—*Hon. R. A. Bruer,* Judge.

AFFIRMED AND REMANDED.

*G. A. Watson, James Booth* and *Hamlin, Collins &
Hamlin* for appellants.

The facts in this case bring it clearly within the law
as declared by the Supreme Court in the case of Missouri
Central Building and Loan Association v. John B.
Eveler, 237 Mo. 679. And we think that decision is deci-
sive of this case.

*Jesse H. Schaper* and *John W. Booth* for respond-
ents.

(1) In a case within the provisions of section 2401
of R. S. 1909, a possessor of land against whom a judg-
ment for recovery of possession has been rendered in a
court of competent jurisdiction may recover recompensa-
tion in the manner prescribed, in the eight following
sections of the statute. R. S. 1909, secs. 2401, 2402, 2403,
2404, etc. (2) Section 2401 of R. S. 1909, limits the
right to recovery for improvements made without notice
of the adverse title. R. S. 1909, sec. 2401. (3) The
notice which under said said section 2401 is neces-
sary to defeat the right to recover compensation is
actual notice, as distinguished from the constructive
notice which as matter of law results from the record
in the proper office of an instrument in writing affecting
title to land. Gallenkamp v. Westmeyer, 116 Mo. App.
680. (4) Where the recovery in the action of ejectment
is against a defendant who holds under a deed or deeds
purporting to convey an estate in fee simple, but the
records in the proper county disclose that such title as
was actually conveyed by said deeds was only an estate
for life which has expired, and the recovery is by the
remainderman under the deed which created the life
estate, there must be proof of actual notice of such life
estate, to bar the right to recover compensation. Else
the existence of the life estate will not of itself and in
connection with the state of the records bar recovery of
compensation. Gallenkamp v. Westmeyer, 116 Mo. App.
680.

BECKER, J.—Respondents having been defeated in an action of ejectment instituted by appellants, brought this action in the same court, under section 2401, Re-. vised Statutes of Missouri, 1909, for recovery of the value of improvements made by them in good faith on such lands, prior to their having had notice of the superi- or title. The court, on a hearing without the interven- tion of a jury, rendered a judgment in favor of the plaintiffs, respondents here, against the defendants, ap- pellants here, in the sum of $1700, from which judg- ment defendants appeal.

The common source of title was a deed of conveyance to the property in question, dated November 26, 1859, by John M. Caldwell and wife to *Lucinda Childers and the heirs of her body and assigns forever.* Said Lucinda Childers died in the year 1911, leaving, as heirs of her body and heirs at law, the appellants herein.

The respondents trace their title to the lands upon which the improvements sued for were made, through fees and by descent as follows:

(A) Deed of Lucinda F. Childers and her husband to Henry E. Lawson, dated November 18, 1866, and pur- porting to convey said land in fee simple to said Lawson.

(B) Deed of said Lawson and wife to Ambrose Scott, dated March 13, 1869, purporting to convey said land in fee simple to said Scott.

(C) Deed from said Scott and wife to George Eis- berg, dated September 24, 1888, and purporting to convey said land in fee.

Each of the above-mentioned deeds was duly and promptly recorded. Said George Eisberg died intestate September 2, 1909, leaving respondent Lizzie Eisberg his widow and the other respondents herein surviving him as his heirs.

In a proper action between all the parties in interest, the circuit court of Franklin county, in a decree rendered August 14, 1913, construed the deed of conveyance, supra, from John W. Caldwell and wife to Lucinda Childers as having vested in said Lucinda Childers only a life estate,

with remainder therein to the heirs of her body or assigns, and decreed the fee simple title to said lands to be in the children and heirs of law of said Lucinda Childers, who were plaintiffs in that suit, respondents here.

Thereafter, in an action of ejectment between the same parties, judgment for the recovery af the possession of said land was rendered in favor of the appellants and against respondents; which action in turn was followed by this suit for the value of the improvements made on such land.

It is not necessary to set forth a description of the land involved, nor to set forth the pleadings or facts proven thereunder, regarding the various improvements and their value, inasmuch as the assignment of error raised by appellants does not pertain thereto.

The only assignment of error urged by appellants is that the trial court erred in refusing, at the close of all the evidence, to render judgment in favor of the defendants.

The sole question in this cause is whether or not the facts therein bring it within the provisions of section 2401, Revised Statutes of Missouri, 1909, which provides:

"*Where defendant may recover compensation for improvements.*—If a judgment or decree of dispossession shall be given in an action for the recovery of possession of premises, or in any real action in favor of a person having a better title thereto, against a person in the possession, held by himself or by his tenant, of any lands, tenements or hereditaments, such person may recover, in a court of competent jurisdiction, compensation for all improvements made by him in good faith on such lands, tenements or hereditaments, prior to his having had notice of such adverse title."

Appellants contend that the right to recovery for the improvements under this section can be invoked only in favor of one who was without notice of the adverse title, and that where the deed of conveyance, as in the present case, through which title is claimed, has been properly recorded, such recording imparts notice to all the world of its contents, and that a misconstruction

of such deed or an erroneous belief that such deed conveys an estate different from that which it in point of fact does, is no excuse in law, and will not enable the party in error, or so misconstruing it, to invoke the protection of section 2401.

Appellants, to sustain this contention, have cited the case of Missouri Central Building and Loan Association v. Eveler, 237 Mo. 679, 141 S. W. 877. An examination of this case shows clearly that it is not in point. This was a suit in equity. Plaintiff had loaned one Herman Eveler several sums of money upon said Eveler's representations of having a fee simple title in certain property in which, as a matter of fact, said Eveler only had a life estate. As security for the said sums so loaned, the plaintiff had accepted a deed of trust upon the said property. Eveler used the money borrowed in erecting a house upon the property. Upon his death the remainderman refused to pay plaintiff the balance due under the deed of trust, which had been made by the life tenant, Eveler. Plaintiff thereupon filed its bill in equity asking the court to adjudge that the frame building on the land in question be subjected to the payment of plaintiff's debt. The trial court sustained demurrers to the petition on the ground that the petition did not state facts sufficient to constitute a cause of action. On appeal to the supreme court the judgment was affirmed. The court held that the mortgagor, under such circumstances, could not have a lien on the lots or the house for the amount of the loan or any part thereof after the death of the remainderman, because the life tenant has no power to charge the corpus of the estate with improvements. This case, as we have shown, was not brought by one who had made improvements upon land in good faith, believing himself to have a good title to such land, nor was it an action brought under section 2401. It has no bearing on the instant case whatever.

Nor is the case of Schorr v. Carter, 120 Mo. 409, 25 S. W. 538, cited by appellants, in point. This was a suit in ejectment, and the court properly held that in such a suit defendants were not entitled to a reduction of

the property, and that all evidence with respect thereto had been properly excluded by the trial court.

We have made a careful examination of the authorities on this subject and have failed to find a single case that aids plaintiff's contention. We do find, however, a line of decisions which clearly construe section 2401.

In Dothage v. Stewart, 35 Mo. 251, we find that the court on this subject refers back to the rule under the common law, by which the owner was permitted to recover his land in ejectment without being subject to any liability to the occupant for any improvements made thereon, though made in good faith and in the belief, by the occupant, of title in himself. Even under the common law this rule was eventually relaxed, at least to the extent of permitting a defendant, in an action of ejectment, where the rents and profits were recoverable, to set off the value of the permanent improvements on the land which had been made by the tenant in good faith during his occupancy, up to the extent of the rents and profits claimed. But even then the common law did not permit a recovery for the value of improvements in excess of such rents and profits. And it was in order to cure this defect that the statutory provisions, now section 2401 et seq., Revised Statutes of Missouri, 1909, were adopted. Concerning these statutes the court said:

"The remedy afforded by the statute is given, not to one having title (for he is in no need of the remedy), but it is given to him who, though without title to the land, has made improvements in good faith, believing he had title. It would be absurd, then, to hold that a petition seeking relief under the statute was defective because it failed to show the plaintiff had a valid title to the land of which he had been evicted."

In Stumpe v. Hornback, 15 Mo. App. 367, we have the leading case on this subject. Adjudications of the same case are found in 94 Mo. 26, and 109 Mo. 272, 18 S. W. 37. In this case Stumpe, at the time he purchased the property in question believed himself to be purchasing a fee simple title thereto, and the instrument of conveyance

was in fact a deed in fee with general warranty. It later developed, however, that Stump's grantor, in point of fact, had only a life estate. In that case as in the instant case, it was argued that the life estate was a matter of record and therefore Stump had notice of the defendant's title when he made the improvements and was precluded from any benefit of the statute. On this question the court says:

"All these positions assume to deal with the statute as applicable to the real state of the title, and not as a provision for one who has honestly mistaken his title, and whose claim to relief rests upon the fact of his mistake. If, in this proceeding, the true state of the title were a test of the plaintiff's rights, there would be no need for the statute . . . The whole argument in support of this claim rests upon a fundamental proposition which learned counsel expresses thus: 'A purchaser is bound to know his grantor's title and is conclusively presumed to have knowledge of the contents of every conveyance which constituted a link in the title purchased.' If this be the law for the controversy before us there is no possible case in which a dispossessed tenant in ejectment may have compensation for his improvements. The rule is proper enough in its place—where questions of title are involved—and may sometimes defeat an alleged title. The numerous cases cited by counsel employ it in no other way. But to apply it against a demand which admits the absence of title and proceed purely upon an honest belief that there was title, notwithstanding technical evidences and facts to the contrary, would be to repeal the statute. No court has yet held that the constructive notice arising from registration can be used to impeach the good faith of one who never knew of it, and to charge upon him such actual notice as it contemplated by the statute under consideration."

In the appeal of this case the supreme court concurred in this view of the law. [Stump v. Hornback, 94 Mo. 26, l. c. 35, 6 S. W. 356.]

In Gallenkamp v. Westmeyer, 116 Mo. App. 680, l. c. 688, 93 S. W. 816, this court, regarding the objection that section 2401 was not intended to aid those cases in which the defect in the title was ascertainable from an examination of the record, said:

"They all rest on the assumption that the value of betterments is accorded only to an occupant who had no means of ascertaining that his title was imperfect; whereas, in truth, the statute allows a recovery by any occupant who made improvements without actual knowledge that his title was imperfect; at least, unless his ignorance was due to inexcusable negligence. Probably most parties who have been ousted from lands which they held under bad titles might have discovered, by a thorough search of the records, that their occupancy was precarious. But it is notorious that men often honestly believe they own land, and make improvements on it in that belief, when a searching examination of the muniments would disclose the weakness of their titles. Such constructive notice of a poor title as might be imputed to respondent and his predecessors from the condition of the records does not shut him off from obtaining the value of the improvements. . . . But the essential matter in this connection is the good faith in which the improvements were made—the fact that the party in possession made them believing he had a good title; not that, by a recondite investigation, he might have ascertained he had a bad or a limited one."

While in the present case it is true that the deed from Caldwell and wife to Lucinda Childers and her heirs of her body or assigns was promptly and duly spread of record, yet the facts in the case also show that Lucinda Childers herself construed the deed of conveyance to have vested in her a title in fee, for she sold, to Lawson, the property and executed a deed purporting to convey the land in fee simple. Lawson in turn must have held the same view for he conveyed it by a like instrument to Ambrose Scott, and Scott, in turn, by a like instrument, conveyed the property to George Eisberg. The facts show that the possession of the land in question, for a period of

more than forty-six years, was held under conveyances purporting to convey said land in fee simple, and that the improvements were made in good faith in reliance upon, and in the belief that the fee vested in the occupants. There is no testimony in the case showing actual knowledge of the adverse title on the part of the respondents or their grantors. Again, the very action of these appellants herein in filing a suit in the circuit court to construe the said deed, shows that they felt it necessary to have a construction thereof by a court of competent jurisdiction.

In view of these facts, we cannot hold that the ignorance of the respondents, or their grantors, was due to inexcusable negligence. They are therefore entitled to the benefit of the provisions of section 2401, Revised Statutes of Missouri, 1909.

Finding no error in the record, the judgment is affirmed, except as to the time for compliance with the terms and conditions of the judgment of the circuit court. The time originally allowed by said court has elapsed and so the cause is remanded with direction to fix another date. *Reynolds, P. J.,* and *Allen, J.,* concur.