## EDWARD J. STAUB and GLADYS STAUB v. J. ARTHUR PHILLIPS et al., Appellants.

### Division Two, April 9, 1925.

1. **IMPROVEMENTS: Made by Life Tenant: Recovery of Compensation.** Under the statute (Sec. 1834, R. S. 1919) if a judgment of dispossession is rendered against life tenants in favor of the owners of the fee, the life tenants may recover against the remaindermen compensation for all improvements made on the lands, by them and their predecessors, in good faith, believing themselves to be the owners, prior to the time they had notice that said owners in fee claimed to be the owners.

2. ————: **Compensation: Good Faith: Deed Reciting Conveyance in Fee: Subsequent Loans.** The spirit of the statute (Sec. 1834, R. S. 1919) allowing a defeated occupant of land the value of the improvements placed thereon by him before he can be dispossessed, is to give him full compensation, if he was honestly mistaken regarding his title. Where the owner of land conveyed it to Hannah and her four children "during their natural lives and their heirs forever," except that at the death of Hannah "her one-fifth interest is to be equally divided between" the four children, and they by their joint partition deed conveyed to one of the children "as his full share" a certain eighty acres, and to each of the others certain other tracts, the deed conveying the tracts set off to the four children in fee, and reciting that the tract set off to Hannah was to "revert" to the four children at her death; and thereafter the child to whom was conveyed the eighty-acre tract went into exclusive possession, and made, in the next eighteen years, six successive loans on the tracts, securing them by deeds of trust, in the usual

Staub v. Phillips.

form and duly recorded, and then conveyed the tract by warranty deed, for a consideration equal to its value, to plaintiffs' ancestor, the improvements placed thereon by such ancestor and by plaintiffs, in the belief that they were owners in fee and prior to any knowledge or notice that the children of said grantor or coparcener claimed to be the owners of the fee, or that any one else so claimed for them, were made in good faith, and judgment in ejectment having been rendered in favor of the children of said grantor after his death, plaintiffs, before they can be dispossessed, are entitled to recover compensation for all improvements made, by them and their ancestor, prior to the time they had knowledge or notice of the adverse claim of ownership by such remaindermen.

3. ———: **Measure of Compensation: Enhancement.** The measure of compensation which the occupying claimant is entitled to recover for improvements placed upon land by him in good faith, believing himself to be the owner, is the enhanced value of the land produced by the improvements, and not the aggregated value of the improvements themselves, unless their value is equal to the enhancement. He is entitled to recover the difference in the value of the land with the improvements and its value without the improvements.

4. ———: **Evidence of Enhancement: Value of Improvements.** As an aid in showing what is the enhanced value of the land produced by the improvements placed thereon by the occupying claimant or his predecessor, it is competent to show the dimensions, condition and present worth of such improvements.

5. ———: **Action at Law.** The suit of an occupying claimant for compensation for improvements upon land, against whom has been rendered a judgment of dispossession, is an action at law, and is not triable *de novo* upon appeal, as if it were a suit in equity; but if the verdict or finding is supported by substantial evidence the judgment in accordance therewith will be affirmed.

6. ———: **Excessive Award.** Where the evidence showed, and the trial court sitting as a jury found, that the value of the improvements placed upon the land by the occupying claimants was $10,978, and there was no evidence that the enhancement in the value of the land produced by the improvements exceeded $9,000, the award is excessive and unwarranted, where the court did not find what was the enhanced value, but treated the value of the improvements as enhanced value, and erroneously permitted the witnesses to take into consideration improvements made after the occupying claimant had notice of defendant's adverse title.

7. ———: **Made After Notice.** It was error to permit witnesses, when testifying to the enhanced value of the land produced by improve-

307 Mo. Sup.—37.

ments placed thereon by the occupying claimant, to take into consideration improvements made by him after he had notice of defendant's adverse claim of title, where the judgment found and adjudged that the value of the improvements prior to such notice was so much, made no finding of the enhanced value, and adjudged the improvements to be materially worth more than any witness estimated the value of the enhancement.

8. ———: What Is Notice. Notice of adverse title does not mean merely direct and positive information that defendants claim to be the owners in fee, but anything calculated to put a man of ordinary prudence to investigating the validity or infirmity in his own title; and if pursuit of known clues would have revealed to the occupying claimant that he had only a life estate, he is chargeable with notice of the defendant's adverse claim. Where a remainderman other than defendants, and claiming title in fee under the same deed under which they were afterwards adjudged to be the owners in fee, brought suit against the occupying claimant, asserting that by the terms of said deed she was the owner of said land in fee, that required the occupying claimant to make such investigation as would have disclosed that by the terms of said deed he was not the owner of the fee, but the owner of only a life estate, and he cannot recover compensation for improvements placed on the land after the suit of such remainderman was brought, although, upon appeal, it was adjudged that such remainderman had no interest in the land. [Following Lee v. Bowman, 55 Mo. 1. c. 403.]

9. ———: Estoppel: Action to Quiet Title. Where defendants brought suit against the occupying claimant, which in one count is an action of ejectment and in the other was an action to quiet title, and judgment was rendered for them on both counts, the occupying claimant is not estopped by the judgment on the count to quiet title which adjudged that he had "no right, title, interest or estate" in the land, to bring his action to recover compensation for improvements placed upon the land in good faith. The suit to recover compensation is purely statutory, and the claim therefor cannot be presented or heard in the action of ejectment, but, though ancillary to that action, can be established only by an independent suit, and a claim for compensation for improvements made is not an estate, title or interest in the land.

10. ———: ———: ———: Estate in Lands. A claim for compensation for improvements placed upon land by the occupying claimant is not an estate, title or interest in land within the purview of Section 1970, Revised Statutes 1919. Section 1834 expressly provides a remedy for the recovery of compensation for improvements made in good faith, after a judgment of dispossession has been rendered against the occupying claimant, and that special remedy is exclu-

Staub v. Phillips.

sive, and a judgment in an action to quiet title rendered under Section 1970 does not estop him from pursuing that remedy, although it adjudges that he has no right, title, interest or estate in the land, nor could a claim for such compensation have been entertained in the action to quiet title.

11. ———: ———: ———: **Special Statute: Later General Statute: Conflict: Interpretation.** Section 1970, Revised Statutes 1919, is a general statute, and later in enactment than Section 1834, to which it does not refer; and the rule of construction in such situation is that where there are two acts, one of which is special and particular, and includes the matter in question, and the other is general and, if standing alone, would include the same matter and thus conflict with the special act, the special act must be construed as constituting an exception to the general act. Therefore, Section 1970, or a judgment thereunder, cannot be considered as in anywise impairing the remedy for compensation provided by Section 1834, but left that remedy complete and exclusive, as it had previously been.

12. ———: **Waste: Res Adjudicata.** A claim for waste is concluded by the action of ejectment, and cannot be brought forward in the suit of the occupying claimant to recover compensation for improvements. Therefore, where there was evidence that there was a two-room house on the land at the time he went into possession, which he permitted to be burned, he cannot be compelled, in his action for compensation, to restore such house, or account for its value— all claims for damages and waste having become *res adjudicata* by the judgment in ejectment in favor of the defendants.

Citations to Headnotes: 1 and 2, Estates, 21 C. J. 91; 3 and 4, Improvements, 31 C. J. 51, 80; 5, Appeal and Error, 4 C. J. 2649; 6 to 8, Improvements, 31 C. J. 84, 31, 32; 9 and 12, Judgments, 34 C. J. 1339, 1332; 10, Quieting Title, 32 Cyc. 1384; 11, Statutes, 36 C. J. 1151.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,* Judge.

REVERSED AND REMANDED.

*William M. Matthews* and *Harvey & Bellamy* for appellants.

(1)   An action to recover the value of improvements is an equitable one, and on appeal this court can review the evidence and determine wherein the preponderance

lies. 3 Pomeroy's Equity Jurisprudence (4 Ed.) secs. 1237-1241, p. 2977; 2 Story's Equity Jurisprudence (14 Ed.) sec. 1089, p. 480; Secs. 1843, 1844, R. S. 1919; Lee v. Bowman, 55 Mo. 400; Richmond v. Ashcraft, 136 Mo. App. 191; Valle's Heirs v. Fleming's Heirs, 29 Mo. 152. (2) A life tenant who makes improvements believing himself to be the owner in fee is not entitled to the benefit of the occupying-claimant laws. Missouri Central B. & L. Assn. v. Eveler, 237 Mo. 671; Gray v. Clement, 296 Mo. 297; Wilson v. Parker, 14 So. 264. (3) The compensation to which the occupying claimant is entitled for improvements is the amount by which he enhances the value of the property to the owner, and the court erred in allowing witnesses to give the value of each particular improvement. Stump v. Hornbeck, 94 Mo. 26; Sires v. Clark, 132 Mo. App. 537; Adams v. Kells, 79 Kan. 564; Young v. Commissioners, 53 Fed. 895; 14 R. C. L. 25, par. 15; 31 C. J. 334; Willis v. Robinson, 291 Mo. 650. (4) The judgment awarded by the court in the sum of $10,978 is excessive, and its finding is not sustained by any competent evidence. (5) The judgment of May 1, 1921, holding that plaintiffs had no right, title, interest or estate in the premises in controversy, estops them from asserting an equitable lien for the improvements in question. Marston v. Catterlin, 190 Mo. 185; Sec. 1970, R. S. 1919; Tolbert v. Grist, 198 Mo. App. 499; Holcomb v. Mays, 202 Mo. App. 167; Gray v. Clement, 296 Mo. 297; Hill v. Ballard, 178 S. W. 445; Donnell v. Wright, 147 Mo. 639; Norman Land Co. v. Idalia Realty Co., 205 Mo. App. 474. (6) The court erred in not holding that the plaintiffs were guilty of permissive waste in permitting the dwelling house, located on the premises at the time their grantors went into possession, to burn down, and in not holding that they were required to restore the same without cost to the remaindermen. Sec. 7048, R. S. 1919; Baker v. Crandall, 78 Mo. 584; Secs. 6910, 6911, 6916, 6917, R. S. 1919; White v. Rose, 69 Mich. 259; Boefer v. Sheridan, 42 Mo. App. 226.

*Duggins & Duggins* and *Perry S. Rader* for respondents.

(1)   This was an action at law, tried by the court sitting as a jury, a jury having been waived. Sec. 1834, R. S. 1919; Minor v. Burton, 228 Mo. 558; Cox v. McDivit, 125 Mo. 361; Malone v. Stretcher, 69 Mo. 26; Sires v. Clark, 132 Mo. App. 541; Bristol v. Thompson, 204 Mo. 370; Russell v. Defrance, 39 Mo. 513; Stump v. Hornbeck, 94 Mo. 27.   Being an action at law, triable by a jury, it was the province of the court sitting as a jury to weigh the evidence and determine the credibility of the witness, and that is a duty which the appellate court cannot usurp. If the findings of the trial court are supported by substantial evidence, on any issue of fact, the appellate court, upon appeal will not interfere with the finding, but will accept the finding as conclusive of that issue.   Sexton v. Sexton, 295 Mo. 142, 143; Slicer v. Owens, 241 Mo. 323; Levels v. Railroad Co., 196 Mo. 617; Lindsay v. Kansas City, 195 Mo. 166, 179.   (2)   An occupying claimant who has acquired a warranty deed from the life tenant, purporting to convey the entire estate, who makes improvements thereon in good faith and in the belief that he has acquired the fee, prior to the time he has notice that another has the better title, is entitled to recover compensation for the improvements, upon the rendition of a judgment of dispossession in favor of the person shown to have a better title.   And the plaintiffs in this case were entitled to recover compensation not only for the improvements placed upon the land by themselves, but for those made by their predecessor and grantor.   Sec. 1834, R. S. 1919; Stump v. Hornbeck, 15 Mo. App. 367, approved by Supreme Court, 94 Mo. 26, 1. c. 35, and point accepted as settled on second appeal, 109 Mo. 272; Gallenkamp v. Westmeyer, 116 Mo. App. 680; Eisberg v. Phillips, 197 Mo. App. 329; Sires v. Clark, 132 Mo. 538; Thomas v. Evans, 105 N. Y. 601; Bloom v. Strauss, 70 Ark. 483; Fee v. Cowdry, 45 Ark. 410; Killmer v. Wuchner, 79 Iowa, 722.   See also: Dothage v. Stewart,

35 Mo. 255; Russell v. Defrance, 39 Mo. 506; Boatmen's Sav. Bank v. Grewe, 101 Mo. 629 (2); Shanklin v. Ward, 291 Mo. 18; Gray v. Clement, 296 Mo. 512-513. (3) The measure of compensation the person in possession who has been dispossessed by a judgment in ejectment is entitled to recover is the increase in the value of the land caused by the improvements. But in ascertaining the enhancement it is proper to allow witnesses to state the dimensions of each improvement, the kind of material of which it is constructed, its present condition, and its present worth as it stands upon the land. One of the means of showing the amount of the enhancement is to show their present worth in their present state as they stand upon the land. Sires v. Clark, 132 Mo. App. 541; Orchard Co. v. Railroad, 173 Mo. App. 450, 456; McDonald v. Kinney, 101 Ark. 19; New York, N. H. & H. R. Railroad Co. v. Cella, 88 Conn. 527; Pacquette v. Pickens, 19 Wis. 219, 225; Matthews v. Mo. Pac. Ry. Co., 142 Mo. 666; Conner v. Mo. Pac. Ry. Co., 181 Mo. 419. No declarations of law were asked or given, and in such case the presumption will be indulged on appeal that the judgment was based on that theory of the case which authorized it. Farmers' Bank v. Barbee, 198 Mo. 465, 471; Gibson v. Baily Co., 114 Mo. App. 350, 357. (4) The judgment was not excessive. There was substantial evidence showing that the enhanced value of the land produced by the improvements made by plaintiffs and their predecessor prior to April 8, 1904, was $10,978, or more. In such case this court does not interfere with the finding, but examines the evidence only so far as to see whether there was substantial evidence produced to support the finding. Sexton v. Sexton, 295 Mo. 142, 143; Slicer v. Owens, 241 Mo. 323; Levels v. Railroad Co., 196 Mo. 616, 617; Lindsay v. Kansas City, 195 Mo. 166, 179; Sec. 1513, R. S. 1919; Smith v. Royse, 165 Mo. 654, 657; Lanyon v. Chesney, 209 Mo. 11. (5) The judgment of the circuit court in appellants' action to quiet title, adjudging that these plaintiffs had no right, title, interest or estate in the land, did not estop the plaintiffs

from maintaining this action to recover compensation for the improvements placed upon the land in good faith and without notice of the adverse title. The value of the improvements was not, and could not have been, adjudicated in that suit. Before the occupying claimant can maintain a suit for compensation for improvements made there must have been a previous judgment of dispossession. Plaintiffs did not claim title through these appellants. Sec. 1834, R. S. 1919; Tetley v. McElmurry, 201 Mo. 395; Henderson v. Langley, 76 Mo. 228; Tice v. Fleming, 173 Mo. 56; Bristol v. Thompson, 204 Mo. 369; Anderson v. Sutton, 301 Mo. 60; Woolcot v. Smith, 33 Okla. 249, 252. (6) There was no issue of permissive waste in the case. The answer did not charge plaintiffs with permissive waste, or ask that appellants be reimbursed for a dwelling house located on the land at the time Kunze went into possession and which they say had burned down. It could not properly be made an issue in this case. (a) Waste is an element of damages to be recovered in the action of ejectment. It is not a defense, even by way of recoupment, in the action for the recovery of compensation for the improvements. Sec. 1827, R. S. 1919; Sieferer v. St. Louis, 141 Mo. 596; Adams v. Gilchrist, 63 Mo. App. 640, 647; Cape Girardeau M. & Grav. Road Co. v. Renfroe, 58 Mo. 576; Jones v. Manly, 58 Mo. 559, 563; Lee v. Bowman, 55 Mo. 404; Stewart v. Dent, 24 Mo. 111; Fuller v. Fair, 80 So. (Ala.) 815. (b) Appellants did not ask for damages for waste, or for the value of the house that had been burned, or that plaintiffs be compelled to restore the house, in their answer, and therefore in no event could plaintiffs have been held "guilty of permissive waste." The issues are confined to the pleadings, and must come within the scope of their allegations. (c) There was no proof of the value of the two-room house which appellants contend was burned. There is no word of evidence in the entire record relating to its value. (d) The evidence did not show that the house burned while plaintiffs and their predecessor were in possession of the land. (e)

In no event could appellants have recovered the value of the house, even if it were an established fact that it burned while plaintiffs were in possession of the land. The measure of waste or injuries to the freehold is the diminished value of the land.  Alsop v. Peck, 2 Root (Conn.) 224; Cooch v. Greery, 3 Del. 423.; Norman v. Beckman, 58 Fla. 325; Cunningham v. Morris, 19 Ga. 583; Anderson v. Atcheson, 132 Iowa, 744; Lewis v. Singleton, 2 A. K. Marsh. (Ky.) 214; Johnson v. Futch, 57 Miss. 73; Morgan v. Varick, 9 Wend. (N. Y.) 587; Lippert v. Kelly, 46 Vt. 516; Nelson v. Churchill, 117 Wis. 10.

HIGBEE, C.—This action was brought on May 10, 1921, under Section 1834, Revised Statutes 1919, to recover compensation for improvements put upon land by plaintiffs and their grantor, George Kunze, in good faith, prior to notice of defendants' claim of adverse title. In an action of ejectment defendants, as plaintiffs, recovered judgment against plaintiffs, as defendants, for the possession of the land at the May term, 1921, of the Circuit Court of Saline County, and thereupon this action followed.  Trial by jury was waived and the court rendered judgment for the plaintiffs for the sum of $10,978, and defendants appealed.

Judiah E. Higby, of Ross County, Ohio, owned a tract of 542 acres in Saline County and by his warranty deed, dated July 7, 1871, undertook to convey this tract to Hannah Phillips, George Allen Phillips (father of the appellants), Ellsworth Phillips, Evalien Phillips, and Elmore Phillips, "during their natural lives and to their heirs forever," except that at the death of Hannah Phillips "her one-fifth interest is to be equally divided between" the other grantees.  By misdescription the deed omitted about 100 acres of the tract, but the grantees assumed it conveyed the whole tract.  This circumstance is of no importance, however, in the decision of this case. It is said in the briefs that the grantor, Judiah E. Higby, was the husband of Hannah Phillips and the father of the other grantees.  As the writer is not addicted to

cross-word puzzles he will not undertake the solution of this enigma.

On March 29, 1879, the five grantees executed a deed in partition of the 542 acres, by which, after reciting the deed executed by Judiah E. Higby, they conveyed to George Allen Phillips and his heirs as his full share, the east half of the southeast quarter of Section 26, Township 50, Range 21, and to each of the other coparceners his or her share of the 542-acre tract. The tract set off to Hannah Phillips was for her lifetime, the deed reciting it was to "revert" to her four children at her death. ' The tracts allotted to the other four were severally conveyed in fee. This deed in partition and the Higby deed were promptly recorded. George Allen Phillips took immediate possession of the tract assigned to him and remained in possession until he conveyed it to Gustav Kunze in 1897.

On May 16, 1879, Phillips and his wife made a loan of $197; on August 18, 1879, a second loan of $300; on August 2, 1884, a third loan of $250; on April 28, 1886, a fourth loan of $500; on December 29, 1890, a fifth loan of $1000, and on December 11, 1896, a sixth loan for $1600, the prior loans having been paid. Each of these loans was from a different person and was secured by a deed of trust in the usual form on this eighty-acre tract and was duly recorded. On April 1, 1897, while the loan for $1600 was in force, George A. Phillips and his wife conveyed the eighty-acre tract to Gustav Kunze by a warranty deed in the usual form for the consideration of $3600, the grantor assuming as a part of said consideration the $1600-loan and accrued interest.

On January 6, 1903, Gustav Kunze, by warranty deed, in consideration of natural love and affection, conveyed to his daughters, Amanda Staub (then wife of Edward J. Staub) and Ida Kunze, the southeast quarter of said Section 26, the southwest quarter of Section 25 and another tract of ten acres in said section, 330 acres in all, being a part of the 542-acre Higby tract. This deed conveyed the eighty acres that had been set off in the par-

tition to George Allen Phillips, the ninety acres so allotted to Elmore Phillips and the eighty-acre tract allotted to Ellsworth Phillips, Kunze having acquired their several allotments. On November 30, 1906, Ida Kunze, single, conveyed her undivided one-half interest in the 330-acre tract to Edward J. Staub, one of the plaintiffs. Amanda Kunze, wife of Edward J. Staub, died intestate, January 6, 1903, leaving him and her daughter, Gladys Staub, the plaintiffs, as her heirs.

In the year 1898, Kunze built a two-story frame dwelling house on the eighty-acre tract in question, and on April 1, 1900, he put Edward J. Staub and Amanda Staub in possession thereof. During that summer Staub fenced and tiled the eighty, which was level, wet prairie land, and in the fall and winter he and Kunze built a substantial barn, eighty by sixty-six feet, thereon. Staub also built an implement house, thirty by forty feet; a chicken house, fourteen by twenty-eight feet; smoke house twelve by thirty-two feet; a hog shed, twelve by sixty feet; and 1¾ miles of woven-wire fence. All of these improvements were made before April 8, 1904. Other permanent improvements were made thereafter. All of these, with some trifling exceptions, were substantially in good condition at the time of the trial in 1921. The evidence for the plaintiffs is that these improvements were made in good faith and without notice of defendants' adverse title. This was denied by the answer.

On behalf of the defendants it was shown that on April 8, 1904, Eva May Acord, the daughter and only child of Elmore Phillips, deceased, and a granddaughter of Judiah E. Higby, brought an action of ejectment (joining a count to quiet title), against Edward Staub and Amanda Staub, to recover possession of the eighty-acre tract allotted to George Allen Phillips in the partition, alleging ouster on January 7, 1903. On July 6, 1905, she recovered judgment for an undivided one-fifth part thereof and damages from the date of the alleged ouster. There was also judgment on the second count quieting title. Staub thereupon obtained a conveyance from Mrs.

Acord of her interest in the 330-acre tract and satisfied her judgment for damages. Mrs. Acord also brought an action of ejectment in 1905 against Evelyn Beaty, *nee* Phillips, one of the grantees in the Higby deed, for an undivided fifth of 87½ acres, being a part of the 542-acre tract, and recovered judgment therefor. On appeal it was held that the voluntary partition between the life tenants, being fair and equal and preserving the rights of parties not *in esse,* was binding on the remaindermen, and that Mrs. Acord took the title to the share allotted to her father, Elmore Phillips, subject to his life estate. The judgment was accordingly reversed. [Acord v. Beaty, 244 Mo. 126, 148 S. W. 901.]

A trial by jury having been waived, the learned trial court found that on May 10, 1921, the defendants recovered judgment in ejectment against plaintiffs for the possession of the eighty-acre tract in question under a superior title and that the value of the improvements made by plaintiffs thereon, prior to notice of defendants' adverse claim of title, was $10,978; that plaintiffs first had notice of defendants' adverse claim on April 8, 1904, and that only such improvements as were made prior to that date were included in the sum allowed; that plaintiffs made the improvements, the value of which is above found, in good faith and under the belief they had good title and before notice of defendants' adverse title.

I. The first assignment of error is that a life tenant who makes improvements, believing himself to be the owner in fee, is not entitled to compensation under the statute. They cite Mo. Central Bldg. & Loan Assn. v. Eveler, 237 Mo. 679, 141 S. W. 877, and Gray v. Clement, 296 Mo. 497, 246 S. W. 940, in support of this contention.

*Right of Life Tenant.*

Section 1834, Revised Statutes 1919, reads: "If a judgment or decree of dispossession shall be given in an action for the recovery of possession of premises, or in any real action in favor of a person having a better title

thereto, against a person in the possession, held by himself or by his tenant, of any lands, tenements or hereditaments, such person may recover, in a court of competent jurisdiction, compensation for all improvements made by him in good faith on such lands, tenements or hereditaments, prior to his having had notice of such adverse title.''

It is not suggested by appellants that plaintiffs did not in good faith believe they were the owners of the fee. George Allen Phillips one of the grantees in the Higby deed, received a deed from his co-grantees for his allotment of the eighty-acres in question, with covenants of warranty. He conveyed it in 1879 by a general warranty deed to Gustav Kunze, who conveyed it by a like deed to his daughters. While Phillips owned it he executed six deeds of trust conveying the tract to secure loans, and conveyed it subject to the last loan of $1600 to Kunze, who assumed its payment.

The facts in the cases cited by appellants do not bring them within the purview of this statute. Consequently what is said in those cases to the effect that a life tenant has no power to charge the *corpus* of an estate with improvements has no application to a case within the statute. See Eisberg v. Phillips, 197 Mo. App. 329, 333, 194 S. W. 1075, where the cases are distinguished.

In Gray v. Clement, supra, page 512, Judge WALKER said: ''The rule, not only under the statute especially applicable to cases of this character (Sec. 2401, R. S. 1919), but as defined by the courts, authorizes one evicted from real estate to recover against the person held to have the better title thereto, compensation for all improvements made by him in good faith on such land prior to his having notice of the adverse title. Nor is the right limited to the one who actually makes the improvements. Where judgment for possession has been rendered in an ejectment suit, the defendants therein may recover against the plaintiff not only the improvements made by himself, but also those made in good faith by his predecessor. [Gallenkamp v. Westmeyer,

116 Mo. App. 680, 93 S. W. 816; Stump v. Hornbeck, 15 Mo. App. 367.]''

Judge Goode, in the Gallenkamp case, l. c. 689, said: ''The second proposition may be noticed more particularly. It is that respondent and his predecessors in the estate for life of Henrietta Westmeyer did not hold adversely to these appellants as remaindermen, and hence cannot claim against them for the improvements made, but must be presumed to have made the improvements in order to enhance their own enjoyment of the life estate. The case of Stump v. Hornbeck is decisive of the point; and decisive, too, on the very ground we have stated, to-wit; that the spirit of the statutes allowing a defeated occupant the value of his improvements before he can be dispossessed, is to give him full compensation, if he was honestly mistaken regarding his title. Gallenkamp held a deed for the fee, as did most of his predecessors; and none of them held deeds which purported to convey only a life estate. Hence they held adversely; or, at least, claimed adversely, to appellants. They claimed the entire estate in fee simple instead of a life estate; and in claiming the entire estate their claim certainly was adverse to the claim by appellants of a vested remainder in them, to take effect on the death of their mother. The improvements were erected, not to enhance the value of a life-holding; but in the belief, cherished by the owners of the life estate, that they owned the fee and to enhance the value of the fee.''

In Shanklin v. Ward, 291 Mo. 1, 18, 236 S. W. 64, Judge Ragland said: ''As was said by Goode, J., in Gallenkamp v. Westmeyer, 116 Mo. App. l. c. 689, 'the essential matter in this connection is the good faith in which the improvements were made—the fact that the party in possession made them believing he had a good title; not that, by a recondite investigation, he might have ascertained he had a bad or a limited one.' ''

This assignment is without merit; the construction contended for is in the teeth of the statute.

II.   The next assignment of error is that the compensation to which the occupying claimant is entitled for improvements is the amount by which they enhance the value of the property to the owner and the court erred in allowing witnesses to give the value of each particular improvement and in refusing to allow the defendants to show the amount by which the improvements constructed prior to April 8, 1904, had enhanced the value of the land.

Value of Particular Improvements.

It is well settled, as contended by appellants and conceded by respondents, that the measure of compensation for improvements upon land made in good faith by an occupying claimant, without notice of an adverse claim of title, is the amount by which the value of the land is enhanced by the improvements.   [Sires v. Clark, 132 Mo. App. 537, 112 S. W. 526.]   On page 541, Judge ELLISON said:

"We think there was no error committed in the rulings made on evidence. It is insisted that the court should not have permitted witnesses to state what the work of clearing was worth. No issue of that kind was submitted to the jury. It is true that witnesses made statements of the worth of the work. But that was only a mode of obtaining the value. One of the means of showing the value of anything is to show the cost to produce it. It does not follow that an improvement is necessarily worth its cost. But, at the same time, it is one of the things which tend to show the value. As we have already seen, the jury were especially warned as to these matters." [See also 31 C. J. 384, sec. 51.]

At the trial the defendants objected to proof of the value or cost of the improvements; "the proper way to prove these improvements would be what the value of the land would be without these improvments and what they would be with it." "By THE COURT: You can tell what the improvements were and what they consisted of and let the valuation go." Over the objection and exceptions of the defendants the court admitted testimony that at the time of the trial the value of the

dwelling house was from $4500 to $7000; the barn, $3200 to $4200; two machine sheds, $1100 to $1150; cow shed, $320 to $375, and so on as to all improvements made. Some of the improvements were made as late as 1915. The evidence for the plaintiffs tended to show that, taking into consideration all the improvements, the value of the land was enhanced from $6800 to $9000. One of the witnesses, H. G. Allen, was asked on cross-examination what the value of the land would be if the improvements made after the year 1904 (enumerating them) were left out of consideration. On objection, the court ruled that the improvements had all been valued and the objection was sustained. Three witnesses for the defendants were of the opinion that the improvements enhanced the value of the land from $4000 to $6000.

III. This brings us to the next assignment of error; that the judgment awarded by the court in the sum of $10,978 is excessive and its finding is not sustained by any competent evidence. We are of the opinion that this is an action at law and the case is not here for trial *de novo* as if it were an equitable action. The proceeding is purely statutory. [Cox v. McDivit, 125 Mo. 358, 361, 28 S. W. 597; Malone v. Stretch, 69 Mo. 25, 26.] The statute was "intended to remedy an infirmity in the common law." GOODE, J., in Gallenkamp v. Westmeyer, supra, l. c. 687.] It is not a continuation of the ejectment suit, but is a separate and independent proceeding (Bristol v. Thompson, 204 Mo. 366, 369, 102 S. W. 991) and ancillary to the ejectment suit. [State ex rel. v. Foard, 251 Mo. 51, 62, 157 S. W. 619.] In Russell v. DeFrance, 39 Mo. 513, and Stump v. Hornbeck, supra, the trials were by juries.

The court found and adjudged that the plaintiffs first had notice of the adverse title of the defendants on the 8th day of April, 1904, and that the value of the improvements so made by plaintiffs upon said land, prior to any notice or knowledge by them of any adverse title (not the enhanced value of the

land by reason of the improvements) was $10,978. The court therefore erred in permitting the witnesses, when testifying as to the enhanced value of the land, to take into consideration improvements made after plaintiffs had notice of defendants' adverse claim of title. It is also apparent that the court did not find what was the enhanced value, and that the finding as to the value of the improvements, if treated as the enhanced value, is excessive and unwarranted by the evidence. These errors will require a new trial.

IV. It is insisted by respondents, however, that they had no notice of any infirmity in their title other **Notice.** than might have been inferred by the action brought by Mrs. Acord on April 8, 1904. This court, in the Beaty case, held, as above stated, that Mrs. Acord was precluded by the voluntary partition from claiming an interest in the tracts allotted to the other coparceners. But when their title was challenged by her action, did not good faith require an investigation that would have disclosed what their title was?

. In construing this statute SHERWOOD, J., in Lee v. Bowman, 55 Mo. 400, 403, said: "Notice in this connection does not mean direct and positive information, but anything calculated to put a man of ordinary prudence on the alert is notice. So that it will be readily perceived that the statute under consideration by the adoption of the terms 'notice' and 'good faith' adopted them with the full force and meaning which attached to them as inseparable incidents in that system of jurisprudence from whence they were derived. If the testimony adduced in this case by the defendants deserves credence, there can be no room for doubt that the plaintiff before he purchased the land sued for, received information of such a character as ought to have compelled investigation. No notice in writing was necessary in order to put him on inquiry. After the clue was furnished him, he was manifestly chargeable with knowledge of all those facts to which that clue, if properly followed, would have led."

See also Smith v. Mount, 149 Mo. App. 668, 674, 129 S. W. 722; Nat. Bank v. Francis, 296 Mo. 169, 195, 246 S. W. 326; Raney v. Home Ins. Co., 246 S. W. 57, 60, and 31 C. J. 324; Hagerman v. Sutton, 91 Mo. 519, 533.

Whether the respondents had notice of appellants' adverse claim of title was a question of fact. Respondents have not appealed and are not in a position to complain of the finding of the trial court.

V. The second count in the petition in the action of ejectment by the defendants against the plaintiffs, as heretofore stated, was an action to quiet title.

**Estoppel: Judgment Quieting Title.** The judgment on this count was that the plaintiffs (J. Arthur Phillips et al.) were the owners in fee simple of the eighty acres in controversy and that the defendants, Edward J. Staub and Gladys Staub, have no right, title, interest or estate therein. The defendants pleaded this judgment in estoppel of plaintiffs' claim for improvements and assign error in overruling this defense. In support of this contention appellants cite Marston v. Catterlin, 290 Mo. 185, 234 S. W. 816, where we held that where a defense might have been pleaded the defendant is concluded by the judgment as to such defense the same as if it had been pleaded and evidence introduced in its support. This is familiar doctrine, but without application in the instant case. This, as has been said, is a purely statutory remedy. "The claim for improvements made under the sections cited cannot be presented or heard in the action of ejectment. It is intended to be an independent proceeding, and can only be instituted after final judgment of dispossession shall have been rendered against the defendant in the suit of ejectment." [Henderson v. Langler, 76 Mo. 226, 228, citing Russell v. DeFrance, 39 Mo. 506; Malone v. Stretch, 69 Mo. 25.]

At common law an unsuccessful defendant in an action of ejectment had no remedy for the recovery of compensation for improvements made by him in good faith prior to notice of infirmity in his title. Our statute ex-

307 Mo. Sup.—38.

pressly provides a remedy after judgment of dispossession has been rendered against the occupying claimant, as held in the Henderson case, supra. This special remedy is exclusive. A claim for compensation for improvements is not an estate, title or interest in land and is not within the purview of Section 1970, Revised Statutes 1919, providing for actions to quiet title. Hence a claim therefor could not have been entertained under the count to quiet title. Moreover, Section 1970 is a later general statute; it does not refer to Section 1834. "Where there are two acts or provisions, one of which is special and particular and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act." [Woodworth v. Kalamazoo, 135 Mich. 233, 97 N. W. 714, and other cases cited in 36 Cyc. 1088.] "It is a fair presumption that if the Legislature intends to repeal a statute, it will do so in express terms, or by the use of words which are equivalent to an express repeal, and the court will not, if it can be consistently avoided, adjudge that a statute is repealed by implication. " [Wightsman v. Gideon, 296 Mo. 214, 223, 247 S. W. 135.] It follows, therefore, that Section 1834 provides the sole remedy and there is no merit in this assignment.

VI. It is claimed there was evidence that there was a small two-room residence on the premises at the time plaintiffs' grantor went into possession and that he permitted it to burn, and that the court erred in not holding respondents were required to restore the same to the remaindermen.

Waste.

The statute, Section 1827, Revised Statutes 1919, provides that if the plaintiff prevails in the action (ejectment) he shall recover for all waste and injury and by way of damages, the rents and profits down to the time of assessing the same. Waste being an element of damages that might have been considered in the action of

ejectment, the judgment therein was *res adjudicata.* [Lee v. Bowman, 55 Mo. 400, 404.] ''Such a finding is held to be incidental to the judgment for plaintiff.'' [Sieferer v. St. Louis, 141 Mo. 586, 596.] Appellants did not claim damages for waste; it was not an issue in the case.

The judgment is reversed and the cause remanded. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is adopted as the opinion of the court. All of the judges concur, except *Walker, P. J.,* not sitting.