Bain v. Chrisman.

———◦◦◦———

BAIN & WYATT, Plaintiffs in Error, v. CHRISMAN & PORTER, Defendants in Error.

1. Every execution must be founded on a legal judgment.

2. Where a justice of the peace, in the case of separate suits by different parties against the same person, improperly renders a joint judgment in favor of the two separate plaintiffs, and certifies the same as a single judgment to the circuit court, any execution or other proceeding instituted thereon should be quashed and set aside.

3. To entitle a garnishee to indemnification for expenses incurred by him, it is not necessary that he should appear *and answer* in the garnishment proceeding.

## Error to Moniteau Circuit Court.

The facts of this case would appear to be substantially as follows: Jacob Bain and J. L. Wyatt instituted separate attachment suits before a justice of the peace against one Farmer. One Chrisman was summoned as garnishee in said suits, and judgments were rendered against him. These judgments the justice seems to have consolidated into one judgment in favor of Bain and Wyatt. He certified the same to the circuit court as a joint judgment against Chrisman in favor of Bain and Wyatt. An execution issued from the office of the clerk of the circuit court against said Chrisman. One Porter was summoned as garnishee. Chrisman and Porter moved the court, separately and jointly, to quash the execution, and to dismiss the garnishment and attachment of Porter. Porter also prayed to be allowed reasonable attorney's fees, &c. The court sustained the motions and rendered judgment against Bain and Wyatt in favor of Porter for ten dollars for his costs and attorney's fees.

*White,* for plaintiffs in error.

I. The court erred in sustaining the motion of Chrisman to quash the execution. He was not prejudiced by the justice's entering a single judgment in favor of Bain and Wyatt. (R. C. 1855, p. 162, § 18; Rutherford v. Wimer, 3 Mo. 11; Franse v. Owens, 25 Mo. 334; 10 Mo. 304.) It was not for Porter to come in as a debtor of Chrisman and insist that the proceedings between the plaintiffs and Chrisman were irregular. A garnishee can only answer when brought into court. The court erred in allowing an attorney's fee when the garnishee did not answer.

*Douglass & Hayden,* for defendants in error.

SCOTT, Judge, delivered the opinion of the court.

It would seem to be a vain undertaking to attempt to support such proceedings as are contained in the record before us. Two plaintiffs by separate actions—there being no privity whatever between them—obtained separate judgments against the same garnishee. Afterwards a transcript of these judgments is filed in the clerk's office of the circuit court. This transcript is made out in such way as makes it appear that the two separate plaintiffs had obtained a joint judgment in their joint names against the garnishee. This transcript is made the foundation of an execution against the garnishee, on whose motion it was quashed. Nothing can more clearly vindicate the action of the court below in setting the execution aside than the bare statement of the case. Every execution must be founded on a legal judgment, with which it must correspond. As the law provided no remedy against a false transcript filed in the clerk's office of the circuit court, the only course open to the defendant was a motion to set aside the execution, a power inherent in all courts of record. It is a little surprising that the plaintiffs, when they discovered the gross irregularity of their proceedings, did not arrest them and have the proper transcripts filed on

which regular executions might have been issued. The court, under the circumstances, had no authority to make an amendment; and had one been ordered, it could not have been made to correspond with the execution, so that the plaintiffs were necessarily denied the benefit of their irregular proceedings. As the execution was properly quashed at the instance of the garnishee against whom it was issued, it is unnecessary to inquire whether Porter, the garnishee, summoned under the writ, could make such a motion.

The sixth section of the law concerning executions provides that the service of a garnishment under an execution, and the subsequent proceedings against and in behalf of the garnishee, shall be the same as in the case of garnishment under an attachment. The 74th section of the act concerning attachments provides, that, in the event the plaintiff shall fail to recover judgment against the garnishee, the costs shall be adjudged against him, and that the court shall render judgment in favor of the garnishee for a sum sufficient to indemnify him for his time and expenses and reasonable attorney's fees in attending and answering and defending in subsequent proceedings as garnishee. This will certainly be taken distributively. The garnishee will not be required to attend, answer and defend before he entitles himself to the benefit of this section. If time is lost and expenses incurred in consequence of the summons, it is reasonable that the garnishee should be proportionally indemnified, though he may not have answered, or although the prior termination of the cause may have rendered an answer unnecessary.

Affirmed; the other judges concur.