William E. THORESEN, III, Plaintiff,

v.

Dover ROTH et al., Defendants.

PASSAVANT MEMORIAL HOSPITAL, Defendant and Third-Party Plaintiff-Appellee,

v.

LUMBERMENS MUTUAL CASUALTY COMPANY, Third-Party Defendant-Appellant.

No. 15066.

United States Court of Appeals Seventh Circuit.

Sept. 29, 1965.

Rehearing Denied Oct. 26, 1965.

Erwin C. Heininger, Chicago, Ill., H. Templeton Brown, George V. Bobrinskoy, Chicago, Ill., Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel, for Passavant Memorial Hospital.

Harold W. Huff, Herbert C. Loth, Jr., Robert J. Wysong, Chicago, Ill., for Lumbermens Mut. Casualty Co.

Before DUFFY, KILEY, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This appeal in a diversity case presents a question of coverage of a liability insurance policy issued by third-party defendant Lumbermens Mutual Casualty Company to Passavant Memorial Hospital, located in Chicago, the third-party plaintiff. The main action was one for damages brought by William E. Thoresen against the hospital and two physicians. The district court granted partial summary judgment in favor of the hospital in the third-party action, resolving all issues of liability except the amount of attorney's fees and costs expended by Passavant in defense of the Thoresen lawsuit. At a subsequent hearing, the court entered judgment for Passavant in the amount of $10,350, which represented $8,864.74 in attorney's fees and $1,485.26 in disbursements. From this judgment the insurance company appeals.

Thoresen alleged in his complaint that after being admitted to Passavant for treatment of a lacerated foot, he received an unauthorized visit from a psychiatrist, Dr. Dover Roth; that thereafter he was injected with "powerful" sedatives by hospital nurses who represented that the injections were in fact "anti-tetanus shots"; and that he was thereby rendered unconscious and then taken in such condition to the Cook County Psychopathic Hospital, where he was held against his will for several days.

The complaint named Passavant as a defendant in five separate counts. These counts charged the hospital, through the conduct of its agents, with false imprisonment, assault, conspiracy to violate the Illinois Mental Health Code, deprivation of constitutional rights under the Federal Civil Rights Act, and with conspiracy to effect such deprivation.

Within two days after the service of summons, Passavant tendered the defense of the action to its liability and

malpractice insurer, Lumbermens Mutual Casualty Company.[1]

Lumbermens agreed to conduct the defense of the assault charge, but denied coverage with respect to the remaining four counts of the complaint. Shortly thereafter, Lumbermens informed Passavant that the matter had been turned over to an attorney, James M. Jones. In the following two years during the pendency of the Thoresen action Jones did not participate in its defense although counsel retained by Passavant requested him to do so. The latter attorneys conducted the defense and eventually negotiated a settlement with Thoresen for $3,000. Passavant's share of the settlement figure, $1,000, was paid by Lumbermens. In the meantime Passavant had filed the instant third-party action. The complaint alleged that Lumbermens was obligated to indemnify Passavant for any judgment resulting from the Thoresen claim. Passavant also demanded reimbursement of attorney's fees incurred in defending the claim. Lumbermens denied liability.

Thereafter Passavant filed its motion for partial summary judgment in the third-party action on the issues of policy coverage and liability for attorney's fees. The motion was supported by an affidavit of an attorney for Passavant which set out the facts with respect to the tender of the defense to Lumbermens and which stated that despite Lumbermens' claimed retention of attorney Jones to defend the assault charge, and despite repeated attempts to secure his cooperation, Jones had not participated in the defense in any manner whatsoever.

Lumbermens offered no counter-affidavits. The district court held that all counts of the Thoresen complaint directed against Passavant were within the coverage of the policy and that Lumbermens had wrongfully refused to defend Passavant. The amount of attorney's fees Passavant was entitled to recover was reserved for further hearing, which hearing resulted in the judgment from which this appeal was taken.

█ Lumbermens contends that summary judgment on the question of coverage and liability for legal expenses was inappropriate because of the existence of a genuine issue of material fact. This contention is without merit. The affidavit filed by Passavant in support of its motion for summary judgment established that the hospital made a tender of the defense to its insured, that Lumbermens refused to defend all but one count of the complaint, and that the attorney designated by Lumbermens to defend the Thoresen claim never participated in the defense despite repeated requests to do so. No counter-affidavits were filed. In the absence of counter-affidavits, the hospital's sworn evidentiary materials rendered the motion for partial summary judgment appropriate. Fed.R.Civ.P. 56 (e).

█ We think the district court correctly held that Lumbermens wrongfully refused to defend the claim against its insured. The argument that the insurer provided a defense by paying the hospital's share of the settlement (negotiated by Passavant's attorneys) is difficult to comprehend. Likewise incomprehensible is Lumbermens' argument

1. The insurance policy issued by Lumbermens to Passavant was designated as a "Comprehensive General Liability Policy." The policy obliged Lumbermens to pay damages occasioned by bodily injury "sustained by any person and caused by accident." The policy provided that "assault and battery shall be deemed an accident unless committed by or at the direction of the insured." Attached to the general liability policy was a "Hospital Professional Liability" endorsement, which added to the basic policy coverage Lumbermens' agreement to pay damages arising out of "malpractice." As defined in the endorsement, "malpractice" included:

 * * * malpractice, error or mistake (a) in rendering or failing to render to such person, * * * medical, surgical, dental or nursing treatment * * *, or (b) in furnishing or dispensing drugs or medical, dental or surgical supplies or appliances if the injury occurs after the named insured has relinquished possession thereof to others. * * *

that the mere retention of attorney Jones was a compliance with its obligation to defend the insured.[2]

■ Regardless of the different and varied legal theories upon which Thoresen predicated recovery of damages, his claim was based upon factual allegations that clearly came within the coverage provisions of the malpractice endorsement attached to the policy of insurance issued by Lumbermens. Sears, Roebuck & Co. v. Travelers Ins. Co., 261 F.2d 774 (7th Cir. 1958). The endorsement insured against claims for "malpractice," and that term was defined to mean "malpractice, error or mistake * * * in rendering or failing to render * * * medical * * * or nursing treatment. * * *" In his claim against Passavant, Thoresen alleged that while in the hospital, following the visit by Dr. Roth, two hospital nurses administered sedatives which rendered him unconscious and facilitated his removal to the county psychopathic hospital. Thus the operative facts of the claim, as distinguished from the legal theories of recovery, related to the rendition of medical and nursing treatment by the hospital. Moreover, Lumbermens conceded from the start that the policy covered Thoresen's claim based upon an "illegal assault." Because of the views we have just expressed, and in light of Lumbermens' failure to participate in the defense in any manner whatsoever, this concession becomes significant.[3]

■ Finally, Lumbermens' contention that the amount of attorney's fees determined by the district court is excessive must be rejected. This was a question of fact. The district judge, after hearing evidence, found that a reasonable attorney's fee for the defense of Passavant was $8,864.74. The finding was not erroneous.

The judgment is affirmed.

2. Passavant's supporting affidavit established that attorney Jones never filed an appearance on behalf of Passavant.

3. The policy of insurance provided in part:
    With respect to such insurance as is afforded by this policy, the company shall:
    (a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent;