STATE ex rel. James W. TURNER,
Relator,

v.

Charles H. SLOAN, Richmond, Missouri, Special Judge for the Circuit Court of Livingston County, Missouri, Respondent.

No. WD 30722.

Missouri Court of Appeals,
Western District.

March 3, 1980.

sion in aid of summary judgment entered by the respondent judge on a counterclaim for ejectment to the claim of the relator to quiet title to the realty. We determine that the order of summary judgment was not final for purposes of execution and make our preliminary rule in prohibition absolute.

The summary judgment which the writ of possession undertakes to execute is an incident of the suit brought by the relator Turner as plaintiff against Stevens and the Dedricks as defendants. In that suit Turner alleges that his mother, Avonne Foster, held legal title to the property for him to secure an advance of some $14,900 on his behalf. That sum was due for repayment. There remained also an indebtedness on a promissory note secured by deed of trust to the Fraleys for about $10,900. The defendant Stevens agreed to loan Turner the sum advanced by mother Foster on the property and to take from Foster a deed to the property to secure the loan. The transaction was concluded according to these terms on October 4, 1977, and the defendant Stevens accepted a warranty deed to the premises. That deed recited agreement by Stevens to assume and pay the indebtedness owed the Fraleys. The conveyance [according to allegation], although absolute in form, was actually defeasible upon repayment by Turner of the loan to Stevens. The petition alleged further that Stevens, contrary to agreement, thereafter contracted to sell the property to the defendants Dedrick.

On these allegations, Turner pleaded two causes of action: Count I sought to impress an equitable mortgage in favor of Turner upon the land conveyed by his mother Foster to defendant Stevens by warranty deed, but meant to be held for Turner. Count II sought declaration that the contract between defendant Stevens and the defendants Dedrick for the sale of the real estate cast a cloud on the title of relator Turner and that the court adjudge the Dedricks have no title in the real estate. The defendant Stevens answered that the conveyance from mother Foster was for consideration and denied any loan-security transaction with Turner. The defendant Stevens

Robert F. Sevier, Sevier & Burnett, Roger Guy Burnett, Liberty, for relator.

Kenneth R. Lewis, Cleaveland, Macoubrie, Lewis & Cox, Chillicothe, for respondent.

ORIGINAL PROCEEDING IN PROHIBITION

Before WASSERSTROM, C. J., and SHANGLER, DIXON, PRITCHARD, SWOFFORD, CLARK and MANFORD, JJ.

SHANGLER, Judge.

Our preliminary rule in prohibition issued to prevent the execution of a writ of posses-

counterclaimed [and joined Foster by a third-party petition] for injury from a conspiracy between Turner and his mother to cheat Stevens by fraudulent contentions that the conveyance from Foster was actually a mortgage. The defendants Dedrick answered that they were purchasers for value without notice of interest by Turner in the real estate. The defendants Dedrick counterclaimed for possession of the real estate and for damages for possession unlawfully withheld.

The defendants Dedrick moved for summary judgment on Count II of the Turner petition to quiet title to the real estate as to them and on their counterclaim for possession and damages. The motion for judgment was supported by documents which show that at the time that Stevens sold the real estate to the Dedricks by contract, the Dedricks paid a valuable consideration without notice of any legal or equitable claim of title to the real estate by Turner. That evidence was not controverted.

The trial court entered summary judgment for the Dedricks on Count II of the petition and on the counterclaim for possession. The formal entry of summary judgment on the counterclaim recited:

It is further Ordered that separate defendants John E. Dedrick and Emma L. Dedrick have and recover from plaintiff James W. Turner the possession of the real estate [described] . . . and the Court further orders that execution issue commanding the officer to whom directed to deliver to [the Dedricks] possession of the premises aforesaid.

It is further Ordered that *this action be placed on the calendar of this Court for trial on the issue of damages alone under the prayer in the Counterclaim of Separate Defendants John E. Dedrick and Emma L. Dedrick.* [Emphasis added.]

In obedience to direction, the sheriff of Livingston County served upon the relator a Writ of Possession which commanded Turner to vacate the premises within seven days. The circuit judge refused to stay the order of execution under summary judgment, and our writ issued.

On this proceeding in prohibition, the plaintiff [now relator] Turner contends that valid execution will not issue on a summary judgment where claims between the parties—Count I for an equitable mortgage, the counterclaim of defendant Stevens for damages, among them—remain yet to be determined.

 An enforcement of judgment by execution supposes a judgment not merely interlocutory but become final. Our law distinguishes between a judgment final for execution and a judgment final for appeal, not as to efficacy, but only as to function. A right to execute a judgment [unless validly stayed] accrues immediately upon rendition. *Fontaine v. Hudson*, 93 Mo. 62, 5 S.W. 692, 694 (1887); *State v. Haney*, 277 S.W.2d 632, 635[2, 3] (Mo.1955); Rule 76.01 [§ 513.015, RSMo 1978]. A right to appeal accrues after the lapse of the period of judicial control over the adjudication. Rules 75.01 and 78.01 et seq.; § 512.020, RSMo 1978. The legal validity of either function, however, assumes a judgment fully determined. 33 C.J.S. Executions § 6b (1942); Rule 81.06. A judgment is final which disposes of all the claims and all of the parties and leaves nothing more for determination. Rule 74.01 [§ 511.020, RSMo 1978]; *Spires v. Edgar*, 513 S.W.2d 372, 373[1] (Mo. banc 1974). In a litigation of multiple claims, a final judgment contemplates that the adjudications shall be completed into a single judgment. *Bolin v. Farmers Alliance Mutual Insurance Company*, 549 S.W.2d 886, 891[4–6] (Mo. banc 1977).[1]

These precepts, which distinguish between an adjudication finally determined and an adjudication merely interlocutory, are as valid to the execution function of a judgment as to the appeal function. A judgment settles the rights and obligations of the litigants as to the matters submitted

1. The stricture of a single judgment is mollified by the exceptions of Rule 81.06 which constitute a judgment on a separate trial of a claim of less than the total litigation final for appeal rather than merely interlocutory, or interlocutory rather than final, on certain conditions.

to the decision of the court. *Southwest Forest Industries, Inc. v. Loehr Employment Service of Kansas City, Inc.*, 543 S.W.2d 322, 324[1, 2] (Mo.App.1976). A writ of execution is merely the command of the court to carry the judgment into effect. 1 Freeman on Executions § 1 (3rd ed. 1900). An execution, therefore, issues only on liability finally established and can only correspond with the judgment on which it is founded, *Bain v. Chrisman*, 27 Mo. 293, 294 (1858).

We need not confront the contention of respondents Dedrick that the summary judgment on their counterclaim for possession of the realty, although only one among the multiple claims in litigation, was nevertheless unrelated to them, and so operates as a final judgment—presumably by the effect of Rule 81.06.[2] That the summary judgment on the counterclaim for possession was tentative and interlocutory, rather than a finally-adjudicated liability for execution, appears from the very rendition:

> It is further ordered that this action be placed on the calendar of this Court for trial on the issue of damages alone under the prayer in the counterclaim [of the Dedricks].

The counterclaim, which alleges right to possession of the premises described, that the relator Turner unlawfully withholds to the damage of the Dedricks in the sum claimed, states a cause of action for ejectment. Rules 89.04 and 89.06 [§§ 524.060 and 524.080, RSMo 1978]. At common law the ouster of a wrongful possession of land [usually an incident of a title dispute] was by ejectment, a species of action which culminated in a judgment to restore the plaintiff to a rightful possession of the res. A

separate action in personam was then allowed the plaintiff for mesne profits—or damages. *Cape Girardeau & T. B. T. R. Co. v. St. Louis & G. Ry. Co.*, 222 Mo. 461, 121 S.W. 300, 307[6, 7] (1909); Dobbs, Handbook on the Law of Remedies, § 5.8 (1973). The modern procedure avoids this archaic cleavage of remedy and by statute provides a more speedy and effective procedure for recovery of damages in the single action for ejectment. Rules 89.09, 89.10, 89.11, 89.12, 89.13 [§§ 524.110 through 524.140 and 524.-260]; *Stump v. Hornback*, 109 Mo. 272, 18 S.W. 37, 38 (1891). Thus, the statutes have conjoined into a unitary cause of action for ejectment the several common law actions for possession of land and damages for the trespass. The summary judgment entered, however, defers adjudication of the damage incident of the unitary cause of action for ejectment and so does not render a fully determined judgment, final for execution.

A judgment on a cause of action for possession and damages in ejectment pleaded which, upon proper proof of both, grants one and withholds the other, is responsive neither to the petition nor to the formulations of the statute. *Howell v. Sherwood*, 242 Mo. 513, 147 S.W. 810, 819[25] (1912); Rule 89.12 [§ 524.140]. An ejectment adjudicated to final judgment, on the other hand, is res judicata to a recovery for any incident of the cause of action not asserted in the prior litigation. *Hunter v. Delta Realty Co.*, 350 Mo. 1123, 169 S.W.2d 936, 939[6–11] (1943); *Staub v. Phillips*, 307 Mo. 576, 271 S.W. 365, 369[6, 7] (1925). To accord finality to the summary judgment for possession rendered, as the respondent Dedricks postulate, would be to dissever the statutory cause of action for ejectment into

**2.** Rule 81.06 prescribes *inter alia*:
> When a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal, . . . unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims . . . are determined.
For the purpose of Rule 81.06, a summary judgment *entered on a hearing*, no less than any

other judgment on the merits, adjudicates *a separate trial*. *Title Insurance Corporation of St. Louis v. United States*, 432 S.W.2d 787, 790[2, 3] (Mo.App.1968). Were the contention of the application of Rule 81.06 otherwise valid, there would remain the question whether the summary judgment for the Dedricks on affidavits was *entered on a hearing* to qualify as a *separate trial* under the rule. See: *Advance Concrete & Asphalt Co. v. Ingels*, 556 S.W.2d 955, 957[2] (Mo.App.1977).

the common law components or to allow multiple litigations on a single cause of action. The first alternative is precluded by the exact provisions of Rule 89 and Chapter 524 on Ejectment, and the second by the rule against a split cause of action. They postulate the common rationale—to prevent a multiplicity of suits and thus promote efficient justice. *Dunn v. Pickard*, 284 S.W.2d 6, 9[4–6] (Mo.App.1955); *Stump v. Hornback*, supra, 18 S.W. l.c. 38.

■ The procedure of Rule 74.04 by which the summary judgment for possession of the premises was entered confirms the interlocutory nature of that determination. Rule 74.04 makes a distinction between a full summary adjudication and a partial summary adjudication, and provides for the rendition of both. Paragraphs (a) and (b) of the rule provide for summary judgment for a party, plaintiff or defendant, *upon all or any part* of the claim asserted or defended. Paragraphs (c) and (d) define more particularly that the partial summary adjudication may operate to conclude the liability although the damage remains an issue, or may result in an order for trial that certain of the facts are without controversy, and so determined. In all such cases, however, summary adjudications on *less* than the full cause of action are interlocutory.

Rule 74.04(c)

A summary *judgment, interlocutory* in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Rule 74.04(d)

If on motion under this Rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion . . . shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an *order specifying the facts that appear without substantial controversy, . .* and directing such further proceedings in the action as are just. Upon the trial of

the action the facts so specified shall be deemed established and the trial shall be conducted accordingly. [Emphasis added.]

Our summary judgment Rule 74.04 derives from Federal Rule 56 and rescripts that text. The federal commentary and judicial precedents on that rule are therefore distinctive aids to explain the purposes of the summary judgment method. *Miller v. United Security Insurance Company*, 496 S.W.2d 871, 876[7, 8] (Mo.App.1973). The partial summary adjudication procedure of Federal Rule 56 is explained in 10 Wright and Miller, Federal Practice and Procedure, §§ 2736 and 2737:

Subdivisions (a) and (b) of Rule 56 authorize a motion for summary judgment "upon all or any part" of a claim by a claimant or a defending party. In addition, Rule 56(d) deals with the situation in which the motion does not lead to a judgment on the entire case but only terminates further contest as to a portion of the litigation. These passages are not the only references in Rule 56 to a summary judgment that does not dispose of the entire suit; the last sentence of Rule 56(c) reads as follows: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

\* \* \* \* \* \*

[W]hen there is a genuine issue as to damages but not as to the ultimate liability of the nonmoving party, an interlocutory summary judgment is appropriate and the procedure to be followed is that prescribed in Rule 56(d). *From this perspective, a judgment entered under the authority of the last sentence of Rule 56(c) and an order establishing defendant's liability under Rule 56(d) are indistinguishable.* [Emphasis added.]

In terms of our counterpart procedure and Rule 74.04(c) and (d) the commentary means clearly that an adjudication by summary judgment of less than the full cause of action is interlocutory only and without final effect, whether denominated a *judg-*

ment [paragraph (c)] or merely an *order* [paragraph (d)]. In either instance, the entry of summary judgment does not render a final judgment reviewable by appeal or enforceable by execution. *Russell v. Barnes Foundation*, 136 F.2d 654, 655 (3d Cir. 1943); *Commonwealth Ins. Co. of N. Y. v. O. Henry Tent & Awning Company*, 266 F.2d 200, 201[2] (7th Cir. 1959); *Thoresen v. Roth*, 351 F.2d 573, 575[1] (7th Cir. 1965); 10 Wright and Miller, Federal Practice and Procedure, supra, § 2736, l.c. 674. The purpose of partial summary adjudication procedure of Rule 74.04 is to expedite a litigation which cannot otherwise be fully determined by that method. *Luria Steel & Trading Corporation v. Ford*, 9 F.R.D. 479 (D.C.Neb.1949); aff'd, 192 F.2d 880 (8th Cir. 1951).

■ The rendition of summary judgment on the possession element of the Dedrick counterclaim for ejectment was an adjudication of less than the full cause of action, and so by the terms of Rule 74.04(c) and (d) was interlocutory only. In an action for ejectment, the right to mesne profits or damage from the wrongfully-withheld possession, is an incident of an adjudication of right to possession. *Atkison v. Henry*, 80 Mo. 670, 674 (1883); Rules 89.09, 89.10, 89.-11, 89.12. The determination of the right to possession, therefore, imposes an absolute liability for damages, if only nominal. *Hahn v. Cotton*, 136 Mo. 216, 37 S.W. 919, 921 (1896). The summary judgment entered by the trial court that the Dedricks have right to possession of the premises, ousts the possession of relator Turner, but postpones determination of damages. In effect, the adjudication against Turner stands as "[a] summary judgment, interlocutory in character, . . . rendered on the issue of liability alone [where there remains] a genuine issue as to the amount of damages." Rule 74.04(c). A judgment subject yet to a determination of damages is not final for execution. *International Controls Corp. v. Vesco*, 535 F.2d 742, 748[7] (2d Cir. 1976); *Atkinson v. Smothers*, 291 S.W.2d 645, 649[8] (Mo.App.1956).

The preliminary rule in prohibition heretofore issued is made absolute.

All concur.